UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VANS, INC. and VF OUTDOOR, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MSCHF PRODUCT STUDIO, INC.,<br><br>Defendant. | Case No. 22-cv-02156-WFM-RML<br><br>JURY TRIAL DEMANDED |

**[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

The Court, having considered the facts set forth in the Complaint, the Memorandum of Law in Support of Plaintiffs Vans, Inc. and VF Outdoor, LLC's ("Vans" or "Plaintiffs") Motion for a Temporary Restraining Order and Order to Show Cause for Preliminary Injunction, and the supporting declarations and all other evidence filed therewith; and

This matter having come before the Court on Vans' Motion for a temporary restraining order ("TRO") and preliminary injunction pursuant to the Lanham Act, 15 U.S.C. § 1125, and Rule 65 of the Federal Rules of Civil Procedure; and

The Court having found from the specific facts set forth in the above-mentioned materials sufficient proof that:

1. Vans is the owner of the incontestable and famous "Side Stripe Mark," as embodied in exemplary U.S. Registration No. 2,177,772:



2. Vans is also the owner of the famous Old Skool shoe trade dress (the "OLD SKOOL Dress," and together with the Side Stripe Mark, the "Asserted Marks"), comprising: (1)

the Vans Side Stripe Mark on the shoe upper; (2) a rubberized sidewall with a consistent height around the perimeter of the shoe; (3) the uppermost portion of the sidewall having a three-tiered or grooved appearance; (4) a textured toe box outer around the front of the sidewall; (5) visible stitching, including where the eyestay meets the vamp; and (6) the placement and proportion of these elements in relation to one another, as shown in this representative image:



3.         Defendant MSCHF Product Studio, Inc. ("MSCHF" or "Defendant") has announced plans to release a line of "Wavy Baby" Shoes (the "Accused Shoes"), shown in the below representative image, on April 18, 2022, at 12 p.m. EST:



4.         Vans has a strong likelihood of success on its federal, state, and common law trademark infringement, false designation of origin, unfair competition, and dilution claims. MSCHF's promotion, offer for sale, and sale of the Accused Shoes is likely to confuse consumers about the origin, source, sponsorship, or approval of MSCHF's goods, diluting the ability of Vans' Asserted Marks to identify Vans' goods, and tarnishing Vans' famous Marks;

5. MSCHF's release of the Accused Shoes poses a clear and substantial threat of irreparable harm to Vans because (a) Vans will lose its ability to control its reputation embodied by and associated with its marks, including the Asserted Marks; (b) the value of Vans' marks as exclusively designating Vans will be impaired by MSCHF's actions; (c) the value of Vans' marks will be diminished by association with MSCHF and its construction of the Accused Shoes in a manner that is less safe than Vans' standards of quality; and (d) Vans has no adequate remedy at law. Issuance of the requested temporary restraining order is also in the public interest to protect the public against confusion, deception, and mistake;

6. The harm to Vans in denying a temporary restraining order outweighs the harm to MSCHF in granting it; and

7. A temporary restraining order is necessary to achieve the purpose of 15 U.S.C. § 1114, 1125(a), and 1125(c), to protect the public from confusion and mistake, and to protect Vans from immediate irreparable injury. No other order is adequate to achieve this purpose.

## TEMPORARY RESTRAINING ORDER

**IT IS HEREBY ORDERED THAT**, pending the hearing and determination of Plaintiffs' motion for a preliminary injunction, Defendant MSCHF Product Studio, Inc. ("MSCHF" or "Defendant"), and any companies owned or controlled by MSCHF, and each of its/their officers, agents, representatives, privies, principals, directors, shareholders, managing agents, owners, licensees, distributors, servants, attorneys, employees, affiliates, subsidiaries, parents, successors, and assigns, all of those in active concert or participation with any of them who receive notice directly or otherwise, are hereby enjoined from:

a. advertising, marketing, promoting, offering for sale, distributing, or selling the "Wavy Baby" shoes, and/or any colorable imitations or reconstructions thereof (the "Prohibited Shoes");

b. fulfilling orders for any of the Prohibited Shoes or shipping the Prohibited Shoes in commerce;

c. using Vans' OLD SKOOL Trade Dress, Side Stripe Mark, or any other Asserted Mark, or any mark that is confusingly similar to those marks and trade dress, or is a derivation or colorable imitation, simulation or recreation thereof, regardless of whether used alone or with other terms or elements (collectively, the "Prohibited Marks");

d. referring to or using any Prohibited Marks in any advertising, marketing, or promotion; and,

e. instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs,

or taking any action that contributes to any of the activities referred to in the above subparagraphs.

**IT IS FURTHER ORDERED THAT**, MSCHF, and any companies owned or controlled by MSCHF, and each of its/their officers, agents, representatives, privies, principals, directors, shareholders, managing agents, owners, licensees, distributors, servants, attorneys, employees, affiliates, subsidiaries, parents, successors, and assigns, all of those in active concert or participation with any of them who receive notice directly or otherwise, shall reverse and/or cancel any orders for the Prohibited Shoes that have been placed as of the time of this Order, and for any order that cannot be cancelled, MSCHF shall place in escrow any funds received from all orders taken to date for the Prohibited Shoes so that, if Vans prevails in this action, MSCHF may return those funds to customers who ordered MSCHF's Prohibited Shoes under the mistaken belief that Vans was the source of the shoes or otherwise approved or sponsored the shoes.

## ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED THAT**, Defendant MSCHF Product Studio, Inc. appear before this Court on _____, 2022, at the time of _____, to show cause, if any there be, why, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs should not be granted a preliminary injunction extending the terms of the temporary restraining order granted herein and further ordering that:

(1) during the pendency of this action, MSCHF and its officers, agents, employees, attorneys, and all other persons who are in active concert or participation with MSCHF are prohibited from fulfilling orders for the "Wavy Baby" shoes and/or colorable imitations or reconstructions thereof (the "Prohibited Shoes");

(2) during the pendency of this action, MSCHF, and any companies owned or controlled by MSCHF, and its/their officers, agents, representatives, privies, principals, directors, shareholders, managing agents, owners, licensees, distributors, servants, attorneys, employees, affiliates, subsidiaries, parents, successors, and assigns, and all other persons who are in active concert or participation with any of them are prohibited from advertising, marketing, promoting, offering to sell, selling, distributing and/or taking orders for the Prohibited Shoes;

(3) MSCHF shall reverse and/or cancel any orders for the Prohibited Shoes that have been placed as of the time of this Order;

(4) for any order that cannot be reversed and/or cancelled, MSCHF must escrow any funds received from all orders taken to date for the Prohibited Shoes so that, if Vans prevails in this action, MSCHF may return those funds to customers who ordered MSCHF's Prohibited Shoes under the mistaken belief that Vans was the source of the shoes or otherwise approved or sponsored the shoes; and

(5) MSCHF must file with the Court within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which MSCHF has complied with the injunction.

### SERVICE

**IT IS FURTHER ORDERED THAT** delivery or transmission of this Motion and all supporting papers to Defendant MSCHF Product Studio, Inc. or Defendant's counsel by email or hand delivery be made on _____, 2022 by 5:00 p.m., and shall be deemed sufficient service on MSCHF.

**IT IS FURTHER ORDERED THAT** opposing papers, if any, shall be served by email or ECF on Plaintiffs' counsel on or before _____, 2022 at 5:00 p.m., and reply papers, if any, shall be served by electronic mail or ECF on Defendant or its counsel on or before _____, 2022 at 5:00 p.m.

Defendant is hereby put on notice that failure to attend the show cause hearing scheduled herein shall result in the immediate issuance of a preliminary injunction, which shall be deemed to take effect immediately upon the expiration or dissolution of the temporary restraining order herein, and shall extend during the pendency of this suit the injunctive relief provided in this Order. Defendant is hereby further notified that Defendant shall be deemed to have actual notice of the terms and issuance of such preliminary injunction, and that any act by Defendant in violation of any of its terms may be considered and prosecuted as contempt of the Court.

## **BOND**

**IT IS FURTHER ORDERED THAT**, pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, Plaintiffs shall give security in the sum of [TEN THOUSAND DOLLARS ($10,000.00)], on or before April ___, 2022.

Dated: _____, 2022

_____
United States District Judge