UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VANS, INC. and VF OUTDOOR, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MSCHF PRODUCT STUDIO, INC.,<br><br>Defendant. | Case No. 1:22-cv-02156-WFK-RML<br><br>JURY TRIAL DEMANDED<br><br>Date of Service: April 22, 2022 |

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFFS VANS, INC. AND VF OUTDOOR, LLC'S
# MOTION TO STRIKE THE DECLARATION OF KENNETH ANAND

Philip A. Goldstein
Michael L. Simes
1251 Avenue of the Americas, 20th Floor
New York, NY 10020
Tel: (212) 548-2100
Fax: (212) 548-2150
pagoldstein@mcguirewoods.com
msimes@mcguirewoods.com

Tanya L. Greene (*pro hac vice*)
Wells Fargo Center, South Tower
355 S. Grand Ave., Suite 4200
Los Angeles, CA 90071
Tel: (213) 457-9879
Fax: (213) 547-9899
tgreene@mcguirewoods.com

Lucy J. Wheatley (*pending pro hac vice*)
Matthew G. Rosendahl (*pending pro hac vice*)
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 698-2016
lwheatley@mcguirewoods.com
mrosendahl@mcguirewoods.com

Matthew W. Cornelia (*pending pro hac vice*)
2000 McKinney Ave., Suite 1400
Dallas, TX 75201
Tel: (214) 932-6400
Fax: (214) 932-6499
mcornelia@mcguirewoods.com

*Counsel for Plaintiffs*
*Vans, Inc. and VF Outdoor, LLC*

I.  **INTRODUCTION**

Defendant MSCHF Product Studio, Inc. ("MSCHF") seeks to defeat a TRO by offering so-called expert testimony with self-serving conclusions devoid of any evidentiary basis, explanation or reasoning. In opposition to Vans' request that the Court enter a temporary restraining order and preliminary injunction, MSCHF submitted, among others, the declaration of Kenneth Anand (Dkt. 23). Mr. Anand, holding himself out as an expert witness, offers unsubstantiated conjecture, well beyond the scope of his personal knowledge or alleged expertise. Because his speculation falls short of the requisite standards set forth in the Federal Rules of Evidence and applicable case law, Vans hereby makes evidentiary objections to, and moves to strike, the identified affidavit testimony set forth below.

II. **LEGAL STANDARDS**

In order to offer expert testimony, a witness must be qualified by knowledge, skill, experience, training, or education in the relevant subject matter. *See* Fed. R. Evid. 702. Under Federal Rule of Evidence 702, after the witness is qualified as an expert, the party seeking to admit expert testimony must show that, "(1) 'the testimony is based on sufficient facts or data,' (2) 'the testimony is the product of reliable principles and methods,' and (3) 'the expert has reliably applied the principles and methods to the facts of the case.'" *United States v. Pryor*, 474 F. App'x 831, 834 (2d Cir. 2012) (summary order) (quoting Fed. R. Evid. 702). The proponent of the expert's testimony must further show that (4) "the testimony is relevant and will assist the jury." *In re Mirena IUS Levonorgestrel-Related Prod. Liab. Litig. (No. II)*, 341 F. Supp. 3d 213, 240 (S.D.N.Y. 2018), *aff'd*, 982 F.3d 113 (2d Cir. 2020). "[T]he proponent of expert testimony has the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied." *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007).

## III. ARGUMENT

In an attempt to refute the existence of actual confusion between *Wavy Baby* and Old Skool shoes, MSCHF submits a declaration from its purported expert witness, Kenneth Anand ("Mr. Anand"). MSCHF offers Mr. Anand's declaration in the form of "expert" testimony, without identifying the specific subject matter of his expertise. *See* Dkt. 23.[1] From what is included in his declaration, Anand is not an expert in consumer psychology or any other discipline that would be helpful to the finder-of-fact and is therefore unqualified to offer any opinions on the relevant subject matter in this lawsuit. For these reasons, Mr. Anand's entire declaration should be excluded under FRE 702 because he is not qualified as an expert on the subject matter identified in his declaration, that is the likelihood of confusion, consumer psychology or the purchasing habits of sneaker buyers. Moreover, the opinions he offers fail to be backed by "sufficient facts or data," nor does he explain how his so-called expert opinions are the "product of reliable principles and methods." His entire declaration should be excluded on this basis as well.

### i.     Mr. Anand is Not Qualified to Testify in This Case

Under Rule 702, a witness must be "qualified as an expert by knowledge, skill, experience, training, or education." "Whether a witness is qualified as an expert is a threshold question that precedes the court's relevance and reliability inquiries." *LVL XIII Brands, Inc. v. Louis Vuitton Malletier S.A.*, 209 F. Supp. 3d 612, 636 (S.D.N.Y. 2016) (citing *Nimely v. City of New York*, 414 F.3d 381, 396 n.11 (2d Cir. 2005)) (further citations omitted), *aff'd*, 720 F. App'x 24 (2d Cir. 2017) (summary order). "To determine whether a witness qualifies as an expert, courts compare the area in which the witness has superior knowledge, education, experience, or skill with the subject matter

---

[1] Nor was Mr. Anand's curriculum vitae, referred to in the declaration as Exhibit 1, attached to the filing or otherwise provided to Vans.

of the proffered testimony." *In re Mirena*, 341 F. Supp. 3d at 240 (quoting *United States v. Tin Yat Chin*, 371 F.3d 31, 40 (2d Cir. 2004). General industry experience is ordinarily insufficient to qualify a witness as an expert. *R.F.M.A.S., Inc. v. So*, 748 F. Supp. 2d 244, 268 (S.D.N.Y. 2010) (excluding expert as unqualified to testify because expert's general industry experience did not give him specialized knowledge on question at issue).

In his declaration, Mr. Anand apparently holds himself out as an expert on "how collectors make their purchasing decisions and what factors a sneakerhead will consider when adding pairs to their collection." Anand Decl. ¶ 9. While Mr. Anand may be knowledgeable about the sneaker industry in general, it still does not qualify him to opine on the confusion issues presented in this case. Mr. Anand has never worked for MSCHF or done anything that would provide him expert insight into the minds of MSCHF consumers. Mr. Anand is a lawyer. *See* Anand Decl., ¶¶ 5-6. In that role, he has served as in-house counsel for YEEZY, and is presently Of Counsel to Jayaram Law. *See id.*, ¶¶ 1, 8, 17. Mr. Anand also runs a fashion licensing company and a consultancy that provides legal support to creative brands. *See id.*, ¶¶ 11-12. Vans does not challenge Mr. Anand's credentials as a "sneaker lawyer." But Mr. Anand's declaration fails to demonstrate any personal knowledge, let alone specialized expertise, regarding how consumers encounter, view, and react to shoes in the marketplace, the psychology of consumers' purchasing decisions, and whether ordinary consumers are likely to be confused into thinking the Wavy Baby is a Vans product or collaboration, or otherwise authorized or sponsored by Vans.

      ii.      **Mr. Anand Has No Proper Basis for the Opinions in His Declaration**

Expert testimony must be based on sufficient facts or data and be the product of reliable principles and methods, reliably applied. *United States v. Pryor*, 474 F. App'x 831, 834 (2d Cir. 2012). Yet, Mr. Anand offers no basis for his opinions, or methodology by which they were derived. For example, Mr. Anand's testimony assumes without any basis that the universe of

consumers at issue for the purpose of this case are in fact "sneakerheads" and "collectors." However, Mr. Anand cites no consumer survey data or other empirical evidence that purchasers of the Wavy Baby are limited to "sneakerheads" or "collectors." In any proper expert report on consumer purchasing decisions, the baseline assumption is to include all potential purchasers, and any restriction of that population must be justified by empirical data. Mr. Anand's unsupported assumption does not come close to meeting this standard.

Moreover, even accepting that the universe of consumers who buy the Wavy Baby is who Mr. Anand says it is, he still offers no facts or data to support his conclusions derived from his thoughts on the habits of this purchaser population. For example, Mr. Anand repeatedly opines that sneaker collectors are attuned to subtle differences in shoes, without any citation to supporting evidence or other indicia of reliability. *See* Anand Decl., ¶¶ 22, 25, 27, 42, 64-70. Such unsupported speculation is not admissible expert testimony. *See Saxon Glass Techs., Inc. v. Apple Inc.*, 393 F. Supp. 3d 270, 293 (W.D.N.Y. 2019), *aff'd*, 824 F. App'x 75 (2d Cir. 2020) (excluding expert lawyer's testimony where he "essentially speculate[d] as to what an ordinary consumer or a specialized buyer . . . would know or think.").

Just as the declaration fails to provide any basis to support these factual assertions on "sneakerhead" and "collector" psychology, it also offers no factual basis to conclude that *all* such individuals share this attribute. Notably, this Circuit has found the opposite – that knowledgeable "brand conscious" consumers are more likely to be familiar with different manufacturer trademarks and are therefore more likely to assume an association when those trademarks are utilized. *See Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 170 (2d Cir. 1991). Mr. Anand offers no empirical evidence or methodology that justifies his speculation as to the degree of care of sneaker collectors.

Mr. Anand also opines that consumers will not confuse the Wavy Baby as a Vans product or collaboration, or otherwise believe Vans is associated with the MSCHF shoe. *See id.*, ¶¶ 47, 62-64. Not only does Mr. Anand provide no supporting evidence for this conclusion, it flies in the face of the overwhelming evidence of actual confusion. *See, e.g.*, Vans' Reply Brief at 1-2. Unsupported claims that consumers will or will not be confused are routinely excluded by the courts. *See, e.g.*, *Trouble v. Wet Seal, Inc.*, 179 F. Supp. 2d 291, 302 (S.D.N.Y. 2001) (excluding opinion of expert on likelihood of confusion where opinion was not based in any discernable methodology).

Finally, after offering his opinions on the alleged differences between the Wavy Baby and Vans' Old Skool—differences unrelated to the trademarks and trade dress asserted by Vans—Mr. Anand claims that these differences would be apparent to any potential purchaser. Setting aside the inaccurate assumption that only point-of-sale confusion matters,[2] Mr. Anand cites no evidence supporting this conclusion. *See id.*, ¶¶ 62-63. The accepted methodology to empirically test consumer perception and likelihood of confusion is a consumer survey. Mr. Anand ignores this practice (and would not, in any event, be qualified to conduct such a survey), and simply offers his speculative opinion.

Such unfounded "opinions" are regularly excluded under the *Daubert* standard. *See, e.g.*, *Amorgianos v. Nat'l Railroad Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002) (expert testimony must be "supported by good grounds for each step in the analysis" because "*any* step that renders the analysis unreliable under the *Daubert* factors renders the expert's testimony

---

[2] "The Lanham Act protects against several types of consumer confusion, including point-of-sale confusion, initial interest confusion, and post-sale confusion." *Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, n. 2 (2d. Cir. 2005) (internal citations omitted).

5

inadmissible"). Because Mr. Anand neither cites to supporting evidence or reliable methodology nor demonstrates any expertise based on knowledge, skill, experience, training, or education, Mr. Anand's Declaration should not be considered.

## IV. CONCLUSION

Because it fails to meet the minimum requirements of admissibility and reliability, the entirety of Mr. Anand's declaration should be struck or, at a minimum, ignored.

Dated:  April 22, 2022

Respectfully submitted,

**MCGUIREWOODS LLP**

 /s/ *Tanya L. Greene*
Philip A. Goldstein
Michael L. Simes
1251 Avenue of the Americas, 20th Floor
New York, NY 10020
Tel:  (212) 548-2100
Fax:  (212) 548-2150
pagoldstein@mcguirewoods.com
msimes@mcguirewoods.com

Tanya L. Greene (*pro hac vice*)
Wells Fargo Center, South Tower
355 S. Grand Ave., Suite 4200
Los Angeles, CA 90071
Tel:  (213) 457-9879
Fax:  (213) 547-9899
tgreene@mcguirewoods.com

Lucy J. Wheatley (*pending pro hac vice*)
Matthew G. Rosendahl (*pending pro hac vice*)
800 East Canal Street
Richmond, VA 23219
Tel:  (804) 775-1000
Fax: (804) 698-2016
lwheatley@mcguirewoods.com
mrosendahl@mcguirewoods.com

Matthew W. Cornelia (*pending pro hac vice*)
2000 McKinney Ave., Suite 1400
Dallas, TX 75201
Tel:  (214) 932-6400

Fax: (214) 932-6499
mcornelia@mcguirewoods.com

*Counsel for Plaintiffs*
*Vans, Inc. and VF Outdoor, LLC*