UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VANS, INC. and VF OUTDOOR, LLC,<br><br>              Plaintiffs,<br><br>      v.<br><br>MSCHF PRODUCT STUDIO, INC.<br><br>              Defendant. | Case No. 1:22-cv-02156-WFK-RML |

# MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONTEMPT

SWANSON, MARTIN & BELL, LLP
William D. Patterson (*pro hac vice*)
Nicole E. O'Toole (*pro hac vice*)
330 N. Wabash, Suite 3300
Chicago, IL 60611
(312) 321-8445
wpatterson@smbtrials.com
notoole@smbtrials.com

MSCHF PRODUCT STUDIO, INC.
John Belcaster (*pro hac vice*)
62 Bayard Street
Brooklyn, NY 11222
john@mschf.xyz

DEBEVOISE & PLIMPTON LLP
David H. Bernstein
Megan K. Bannigan
Marissa MacAneney
Timothy Cuffman
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6696
dhbernstein@debevoise.com
mkbannigan@debevoise.com
mkbannigan@debevoise.com
tcuffman@debevoise.com

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ............................................................................................... 1

**ARGUMENT** ............................................................................................................................ 3

I. MSCHF Is Not in Contempt. ........................................................................................ 3

    A. MSCHF Has Diligently Complied with the Injunction. ....................................... 3

    B. Plaintiffs Have Failed to Carry Their Burden. ..................................................... 5

II. Contempt Sanctions Are Not Appropriate. .................................................................. 6

**CONCLUSION** ........................................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

*Chao v. Gotham Registry, Inc.*, 514 F.3d 280 (2d Cir. 2008) ...................................................... 3, 5

*General Motors Corp. v. Gibson Chem. & Oil Corp.*, 627 F. Supp. 678 (E.D.N.Y. 1986) ........... 6

*Hicks v. Feiock*, 485 U.S. 624 (1988) ............................................................................................ 5

*Juan F. By & Through Lynch v. Weicker*, 37 F.3d 874 (2d Cir. 1994) ........................................... 3

*Turner v. Rogers*, 564 U.S. 431 (2011) .......................................................................................... 5

*Zino Davidoff SA v. CVS Corp.*, No 06 Civ. 15332(RJS), 2008 WL 1775410 (S.D.N.Y. Apr. 17, 2008) ........................................................................................................................... 3, 6

Defendant MSCHF Product Studio, Inc. ("MSCHF") respectfully submits this memorandum in opposition to Plaintiffs' motion for contempt.

### PRELIMINARY STATEMENT

Plaintiffs' motion for contempt is completely without merit. It is based on an inaccurate narrative of the facts (filed prematurely by Plaintiffs in advance of MSCHF's compliance report, which is due on May 29, 2022), an incorrect statement of the law (which does not require perfection but only that MSCHF make reasonably diligent efforts to substantially comply with the Court's order), and an unjustified request for relief (which is entirely unwarranted because contempt sanctions are not intended to be punitive but rather are only appropriate to compel compliance and provide remedial compensation, neither of which are needed here).

MSCHF takes the Court's injunction seriously and has made diligent, substantial efforts to comply. Contrary to Plaintiffs' assertions, MSCHF has *not* "continued to fulfill orders for" the *Wavy Baby*; to the contrary, MSCHF made ample, reasonable efforts to halt and reroute all *Wavy Baby* shipments in compliance with the injunction. Although these efforts were largely unsuccessful, that is not because of a lack of trying or diligence.

The fact that MSCHF's efforts were unable to prevent the subsequent delivery of many of these orders to customers does not minimize MSCHF's extensive and diligent efforts to comply with the Court's injunction. As MSCHF informed the Court prior to the preliminary injunction hearing, the *Wavy Baby* works already were sold and shipped, and it was not going to be possible to stop the shipments. Whaley Second Supp. Decl. ¶ 6. MSCHF nevertheless diligently pursued multiple efforts to try to stop the shipment of the works to the purchasers. Although those efforts not effective, the fact that MSCHF diligently pursued those efforts makes it clear that MSCHF is not in contempt. That is because the standard for contempt is not whether MSCHF has achieved "perfection" in preventing the delivery of the works to the purchasers; rather, the question is

whether MSCHF has diligently taken steps to "substantially comply" with the injunction. Because MSCHF has done so, Plaintiffs' motion should be denied.

Moreover, the punitive sanctions that Plaintiffs seek are inappropriate. The purpose of contempt sanctions is either to coerce the contemnor into future compliance with the Court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance – not to impose punishment. For the reasons discussed above, coercion is unnecessary because MSCHF has always intended to comply with the injunction, has taken diligent and substantial steps to do so, and there is nothing further that contempt sanctions can do to coerce compliance. Compensatory sanctions also are inappropriate because Plaintiffs have not suffered any damages.

For all of these reasons, Plaintiffs' motion should be denied in its entirety.

## BACKGROUND

As explained in detail in the accompanying declaration from James Kernan, MSCHF undertook extensive and persistent efforts over the last three weeks to comply with the Court's Court's April 29 Order, beginning the evening the Order issued. Those efforts included removing all references to *Wavy Baby* from the MSCHF website and app, making arrangements to escrow the revenues from *Wavy Baby*, and making substantial attempts to prevent *Wavy Baby* works that were still in transit at the time of the Court's Order from being delivered to purchasers. Those efforts to prevent delivery included: (1) attempting to work with MSCHF's liaison in China to cancel the orders; (2) attempting to work with MSCHF's logistics vendor in the United States to cancel or re-route the orders to the vendor's warehouse; (3) attempting to work with MSCHF's U.S. vendor's shipping vendors to re-route the orders; and (4) attempting to work directly with the carrier to re-route the orders, despite MSCHF not having a direct

relationship with the carrier. Despite those diligent efforts, it appears that most of the *Wavy Baby* packages have been delivered to the purchasers, though MSCHF's efforts to prevent delivery of *Wavy Baby* works that are still in transit continue. See Kernan Decl. ¶¶ 3–35.

**ARGUMENT**

**I.     MSCHF IS NOT IN CONTEMPT.**

On a motion for civil contempt, the moving party has the burden to establish that (1) the order at issue is clear and unambiguous, (2) the proof of non-compliance is clear and convincing, and (3) the defendant has not been reasonably diligent and energetic in attempting to comply. *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 291 (2d Cir. 2008). "In evaluating the purported contemnor's conduct, [t]he court is not empowered to command, any more than it can pretend for itself to achieve, performance approximating perfection." *Zino Davidoff SA v. CVS Corp.*, No 06 Civ. 15332(RJS), 2008 WL 1775410, at *5 (S.D.N.Y. Apr. 17, 2008) (citations and quotation marks omitted).

Plaintiffs fail to meet their burden for demonstrating contempt because MSCHF has acted diligently and energetically to comply with the injunction.

**A.     MSCHF Has Diligently Complied with the Injunction.**

The Second Circuit has made clear that "substantial compliance" is the appropriate standard in evaluating non-compliance in a contempt case. *Juan F. By & Through Lynch v. Weicker*, 37 F.3d 874, 879 (2d Cir. 1994). As discussed above and in the Declaration of Mr. Kernan, MSCHF promptly and deliberately developed and executed a plan of action to ensure substantial compliance with the injunction. Kernan Decl. ¶¶ 3, 14–32. Within just two hours of the Court's order, MSCHF promptly reached out to its manufacturing liaison in China, its U.S.-based shipping vendor, and others to demand a complete stoppage of all development, production, distribution, and any other work related to the *Wavy Baby* project. *Id.* ¶¶ 3, 16. In

the days that followed, MSCHF was persistent, frequently reaching out to its contacts for shipment updates and stressing the importance of compliance with MSCHF's requests to cease fulfillment. *Id.* ¶¶ 19–32. These efforts involved coordination and communication, on numerous occasions, between multiple parties, including MSCHF, MSCHF's logistics vendor (LW12), the logistics vendor's shipping vendor (Buku), that shipping vendor's parent and holder of the carrier account (Tax-io), and the carriers (DHL-China and DHL-America). *Id.*

The three examples Plaintiffs cite in their motion, where a Vans employee and two other MSCHF customers received *Wavy Baby* shipment notifications on May 11, 2022, are consistent with the steps MSCHF took to comply with the Court's injunction and the events that followed. Despite MSCHF's diligent and substantial efforts to halt and re-route shipments, MSCHF was unsuccessful in its efforts to intercept the shipments and have them re-routed. And despite MSCHF's attempts to re-route the packages, MSCHF had no reason to inform customers that the packages would be re-rerouted without confirmation that the packages would be re-routed.

MSCHF undertook "diligent and energetic attempts" to comply with the Court's Order – beginning within just two hours of the Order. *Id.* ¶¶ 3, 16. Those efforts were complicated by a number of factors, including that MSCHF had never before had to halt shipments of such magnitudes, that MSCHF did not have any direct relationship with the carrier, that MSCHF was trying to re-route nearly 2,000 individual packages shipping from China, that the re-routing process required time-confusing and manual re-labeling by DHL, and that these efforts were taking place during a national holiday in China that closed most Chinese businesses for four full days. *Id.* ¶¶ 9, 20, 24, 25.

That most customers received the orders they placed on April 18, 2022, despite MSCHF's extensive efforts to prevent delivery and re-route the orders that were still in transit at

4

the time of the Court's Order, does not provide the "clear and convincing" evidence of non-compliance that is required for a finding of contempt. As MSCHF indicated prior to the April 27 hearing, MSCHF lacked any control over the shipments. *Id.* ¶ 13. As predicted, halting all shipments from China after they left the factory was not going to be possible. Thus, the delivery of *Wavy Baby* units, in spite of MSCHF's fulsome efforts to prevent such delivery, "does not . . . establish that [MSCHF] has failed to achieve substantial compliance with the Court's orders." To the contrary, MSCHF has substantially complied with the injunction, and even went to extensive efforts to try to intercept the shipments despite having been told that it would not be possible (which turned out to be correct). MSCHF continues to make efforts to re-route any orders that have not yet been delivered, but it cannot be required to do more than it actually can do. "A court may not impose punishment 'in a civil contempt proceeding when it is clearly established that the alleged contemnor is unable to comply with the terms of the order.'" *Turner v. Rogers*, 564 U.S. 431, 442 (2011) (quoting *Hicks v. Feiock*, 485 U.S. 624, 638, n. 9 (1988)).

  **B.**  **Plaintiffs Have Failed to Carry Their Burden.**

Plaintiffs have not provided "clear and convincing evidence" that MSCHF failed to act diligently. *Chao*, 514 F.3d at 291. Plaintiffs' conclusory assertion that MSCHF "willfully disregarded its obligations" under the injunction (Mot. for Contempt at 3 (ECF No. 42)) not only is unsupported by the necessary clear and convincing evidence, but in fact is factually disproved.

Plaintiffs make conclusory assertions that "the shoes were in MSCHF's custody and control after the Injunction issued but were shipped anyway, in violation of the Injunction." Mot. for Contempt at 3, that "[t]he shipments were not irreversible orders," *id.*, and that "MSCHF had sufficient time to inform its affiliates and partners of the Injunction and to reverse or cancel unfulfilled orders" but that "MSCHF simply failed to do so." *Id.* Those assertions are unfounded speculation and unsupported by any fact. As Mr. Kernan explained, the *Wavy Baby*

5

works originating in China were never in MSCHF's custody, and they were not in MSCHF's control after they left the warehouse, before the April 27 hearing. Kernan Decl. ¶¶ 5, 8, 9, 12. MSCHF did, in fact, inform its logistics partner, its liaison in China, and others of the Order and of the need to cancel or re-route the orders, but those orders could not actually be cancelled or re-routed, as explained above. *Id.* ¶ 17–32. The orders were, in fact, "irreversible," despite MSCHF's best efforts to reverse or cancel them or have them rerouted.

## II. CONTEMPT SANCTIONS ARE NOT APPROPRIATE.

Because MSCHF is not in contempt (for all of the reasons discussed above), sanctions are not warranted. Moreover, Plaintiffs' request for punitive sanctions is without merit because it entirely misconstrues the objectives of civil contempt. "Put simply, a civil contempt sanction must be remedial and/or compensatory, rather than punitive." *Zino Davidoff*, 2008 WL 1775410, at *6. Sanctions are intended "either to coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance." *Id.* (citation and quotation marks omitted). Where the alleged contemnor already is complying with the court's order, as MSCHF is, there is no action to coerce, and coercive sanctions therefore serve no purpose. *See, e.g.*, *General Motors Corp. v. Gibson Chem. & Oil Corp.*, 627 F. Supp. 678, 682 (E.D.N.Y. 1986) (although defendants' conduct "technically constitute[d] contempt . . . [c]oercion of future compliance appear[ed] to be unnecessary" because defendants represented that offending brochures would be destroyed).

Plaintiffs have not requested compensatory sanctions. But even if they had, there would be nothing to compensate for. "Any fine imposed must . . . reflect actual losses sustained by [plaintiff] as a result of the contumacy . . . [and] [p]laintiff is entitled to compensatory damages once it has proved that it has suffered harm as a result of a violation of the terms of the

6

injunction." *General Motors*, 627 F. Supp. at 682.  Because Plaintiffs have "not demonstrated any actual damages [they] suffered," no award should be entered.  *Id.*

For all of the reasons already discussed, Plaintiffs' requests for costs and attorneys' fees also should be denied.  *See Zino Davidoff*, 2008 WL 1775410, at *14 ("[I]n the absence of willful contumacious conduct or other conduct evincing the contemnor's bad faith, an award of fees and costs is inappropriate").

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for contempt in its entirety.

Dated: New York, New York
       May 20, 2022

Respectfully submitted,

By: */s/ David H. Bernstein*
     David H. Bernstein

DEBEVOISE & PLIMPTON LLP
David H. Bernstein
Megan K. Bannigan
Marissa MacAneney
Timothy Cuffman
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
dhbernstein@debevoise.com
mkbannigan@debevoise.com
mpmacaneney@debevoise.com
tcuffman@debevoise.com

SWANSON, MARTIN & BELL, LLP
William D. Patterson (*pro hac vice*)
Nicole E. O'Toole (*pro hac vice*)
330 N. Wabash, Suite 3300
Chicago, IL 60611
(312) 321-8445
wpatterson@smbtrials.com
notoole@smbtrials.com

MSCHF PRODUCT STUDIO, INC.
John Belcaster (*pro hac vice*)
62 Bayard Street
Brooklyn, NY 11222
john@mschf.xyz

*Counsel for Defendant MSCHF Product Studio, Inc.*

## **CERTIFICATE OF SERVICE**

It is hereby certified that on May 20, 2022 the undersigned electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated this 20th day of May, 2022 at New York, New York.

*/s/ David H. Bernstein*
David H. Bernstein