UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VANS, INC. and VF OUTDOOR, LLC,

        Plaintiffs,

    v.

MSCHF PRODUCT STUDIO, INC.

        Defendant.

Case No. 1:22-cv-02156-WFK-RML

---

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO PARTIALLY STAY PRELIMINARY INJUNCTION, REQUIRE PLAINTIFF TO POST A BOND, AND RESCIND ESCROW REQUIREMENT

| | |
|---|---|
| SWANSON, MARTIN & BELL, LLP | DEBEVOISE & PLIMPTON LLP |
| William D. Patterson (*pro hac vice*) | David H. Bernstein |
| Nicole E. O'Toole (*pro hac vice*) | Megan K. Bannigan |
| 330 N. Wabash, Suite 3300 | Marissa MacAneney |
| Chicago, IL 60611 | Timothy Cuffman |
| (312) 321-8445 | 919 Third Avenue |
| wpatterson@smbtrials.com | New York, New York 10022 |
| notoole@smbtrials.com | Telephone: (212) 909-6696 |
| | Fax: (212) 521-7696 |
| MSCHF PRODUCT STUDIO, INC. | dhbernstein@debevoise.com |
| John Belcaster (*pro hac vice*) | mkbannigan@debevoise.com |
| 62 Bayard Street | mkbannigan@debevoise.com |
| Brooklyn, NY 11222 | tcuffman@debevoise.com |
| john@mschf.xyz | |

*Counsel for Defendant MSCHF Product Studio, Inc.*

**TABLE OF CONTENTS**

Preliminary Statement ................................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................... 1

ARGUMENT ................................................................................................................................ 2

I.     MSCHF Is Likely to Succeed on the Merits of Its Appeal. ........................................ 2

    A.    The Court erred in granting Vans' application for a preliminary injunction. .......... 2

    B.    The Order causes irreparable harm to MSCHF's First Amendment rights. ........... 3

    C.    The Court's escrow order is contrary to law and should be rescinded. .................. 4

    D.    The Order does not comply with Rule 65(c). ......................................................... 5

II.    MSCHF Will Be Irreparably Harmed Absent a Stay. .................................................. 7

III.   Vans Will Face No Harm If the Order Is Stayed. ........................................................ 8

IV.   The Public Interest Favors a Stay Because Failure to Stay Would Chill Artistic Expression ........................................................................................................ 9

Conclusion .................................................................................................................................. 10


## TABLE OF AUTHORITIES

**Cases**

*AKF, Inc. v. AvantGarde Senior Living*,
  No. 21-CV-188, 2021 WL 2662070 (N.D.N.Y. Apr. 29, 2021).....................................5

*Arias v. Solis*, 754 F. Supp. 290 (E.D.N.Y. 1991) ..............................................................6

*Baggett v. Bullitt*, 377 U.S. 360 (1964)................................................................................8

*Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund, Ltd.*,
  598 F.3d 30 (2d Cir. 2010)..............................................................................................3

*Corning Inc. v. PicVue Elecs., Ltd.*, 365 F.3d 156 (2d Cir. 2004).....................................6

*Elrod v. Burns*, 427 U.S. 347 (1976) ..................................................................................7

*Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122 (2d Cir. 2014) ..............................................5

*In re A2P SMS Antitrust Litig.*,
  No. 12-CV-2656, 2014 WL 4247744 (S.D.N.Y. Aug. 27, 2014)..................................2

*Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*,
  239 F.3d 172 (2d Cir. 2001)............................................................................................4

*Muchmore's Cafe, LLC v. City of New York*,
  No. 14-cv-5668, 2016 WL 11469539 (E.D.N.Y. Sept. 29, 2016) .................................9

*New York Times Co. v. Dep't of Health & Hum. Servs.*,
  No. 20 CIV. 3063 (GWG), 2021 WL 235138 (S.D.N.Y. Jan. 25, 2021) .......................3

*Nken v. Holder*, 556 U.S. 418 (2009) .................................................................................2

*Org. for a Better Austin v. Keefe*, 402 U.S. 415 (1971).......................................................4

*Pen Am. Ctr., Inc. v. Trump*, 448 F. Supp. 3d 309 (S.D.N.Y. 2020) .................................9

*Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453 (7th Cir. 2010) .............................. 6

**Rules**

Federal Rule of Civil Procedure 65(c) ................................................................................. 7

Defendant MSCHF Product Studio, Inc. ("MSCHF") respectfully submits this memorandum of law in support of its motion to partially stay the Court's April 29, 2022 order (the "Order") granting the motion for a preliminary injunction filed by Plaintiffs Vans, Inc. and VF Outdoor, LLC (together, "Vans"), to rescind the Order's escrow requirement, and to order Vans to post security pursuant to Rule 65(c).

## PRELIMINARY STATEMENT

The Court should stay the provision of its Order that enjoins MSCHF from promoting its *Wavy Baby* artwork by displaying it on its website, on its mobile app, and in upcoming art exhibitions. MSCHF is likely to succeed on the merits of its appeal because *Wavy Baby* is an artwork protected by the First Amendment and there are at least substantial questions going to the merits of MSCHF's First Amendment defense in this case. The practical effect of the Order is to enjoin MSCHF's promotion of accurate archival images of *Wavy Baby* on its website and app and prohibit MSCHF's display of *Wavy Baby* in art exhibitions at the Perrotin Gallery (in November and December 2022) and at Art Basel (in December 2022), underscoring that the Order is an unconstitutional prior restraint on MSCHF's artistic expression. The Court should thus stay the Order's prohibition on promotion of *Wavy Baby* while MSCHF pursues an expedited interlocutory appeal to the Second Circuit. Furthermore, the Order's escrow requirement is contrary to law and should be rescinded, and the Court should order Vans to post security, as required by Rule 65(c).

## STATEMENT OF FACTS

Following receipt of the Order (and even without Vans posting a bond, as required by Rule 65(c)), MSCHF took numerous steps to comply with the Order, including removing from its website and mobile app the archival images of and references to *Wavy Baby*. Prior to the Order, MSCHF promoted images of its prior sneaker artworks, including *Jesus Shoes*, *Satan*

1

*Shoes*, *Tap3*, and *Wavy Baby*, and an announcement of its forthcoming drop. In light of the Order, MSCHF has been forced to remove all references to *Wavy Baby*, thus restraining MSCHF's speech. The Order also restrains MSCHF's forthcoming artistic expression, including by prohibiting MSCHF from displaying its *Wavy Baby* art at MSCHF's upcoming solo exhibition at the Perrotin Gallery (from November 3 to December 23, 2022) and at the exhibition at Art Basel (from December 1 to December 3, 2022). *See* Whaley Decl., ECF 18 ¶ 49.

## ARGUMENT

Four factors govern whether a court should grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). All four factors weigh in favor of granting a stay pending MSCHF's expedited interlocutory appeal to the Second Circuit. *See* ECF 41 (Notice of Appeal).

**I.      MSCHF Is Likely to Succeed on the Merits of Its Appeal.**

**A.      The Court erred in granting Vans' application for a preliminary injunction.**

For the reasons already explained in MSCHF's memoranda of law opposing Vans' motion for a preliminary injunction (ECF 13 and 21), Vans' Lanham Act claims are precluded by the First Amendment. MSCHF understands that the Court has ruled otherwise, Order at 11–14, but respectfully submits that, given the important First Amendment issues implicated in this case, the Court should enter a partial stay pending MSCHF's pending emergency interlocutory appeal to the Second Circuit. *See In re A2P SMS Antitrust Litig.*, No. 12-CV-2656, 2014 WL 4247744, at *2 (S.D.N.Y. Aug. 27, 2014) ("The Second Circuit has long recognized that the 'likelihood of success on the merits' that is required for both a preliminary injunction and a stay

2

can be satisfied if there are 'serious questions' going to the merits of the dispute and the applicant is able to establish that the balance of hardships tips decidedly in its favor," and "[a] 'serious questions' standard is particularly appropriate when a district court is asked to stay its own order") (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund, Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010); *New York Times Co. v. Dep't of Health & Hum. Servs.*, No. 20 CIV. 3063 (GWG), 2021 WL 235138, at *1 (S.D.N.Y. Jan. 25, 2021) (same).

At the April 27 hearing, the Court recognized the serious questions going to the merits of Vans' claims and MSCHF's First Amendment defense:

> [I]f [MSCHF] had one pair of Wavy Baby shoes that were in the Metropolitan Museum or the Brooklyn Museum that would be one thing, and if you had a million issues of Wavy Baby shoes that would be another. But you're at 4,000 which is not exactly Brooklyn Museum rare Calder on the one hand, nor is it on the other side a million pairs of shoes on the other. So you're somewhere in between.

April 27, 2020 Hearing Tr. 55:19–56:1. The Court's recognition that the sale of a limited edition of only about four thousand *Wavy Baby* works falls between the extremes cited by the Court shows that this is a close question, which means the significant First Amendment concerns should weigh in favor of a stay to permit the Second Circuit to address the merits.

**B.      The Order causes irreparable harm to MSCHF's First Amendment rights.**

By forcing MSCHF to take down its truthful social media posts and website content regarding *Wavy Baby*, the Order effectuates an unconstitutional restraint on speech. By prohibiting MSCHF from promoting *Wavy Baby* in any context, the Order is also a prior restraint against MSCHF's display of its *Wavy Baby* artwork at the Art Basel and Perrotin Gallery exhibitions later this year. *See* Whaley Decl., ECF 18 ¶ 49; *Alexander v. United States*, 509 U.S. 544, 550 (1993) ("[A] judicial order directing an individual not to engage in expression, on pain of contempt" is "a prior restraint[.]"). As a prior restraint, this Court's order is "subject to 'heavy presumption' against its constitutional validity." *Org. for a Better Austin v. Keefe*, 402 U.S. 415,

3

419–20 (1971) ("[T]he injunction, so far as it imposes prior restraint on speech and publication, constitutes an impermissible restraint on First Amendment rights."); *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 239 F.3d 172, 178 (2d Cir. 2001) (the Second Circuit honors the principle that "the First Amendment strongly disfavors injunctions that impose a prior restraint on speech"). Vans has not rebutted that heavy presumption, nor has the Court sufficiently justified its prior restraint. By forcing MSCHF to remove the archival images of and references to *Wavy Baby* from its website and app and preventing MSCHF from displaying its art in art museums and galleries, the injunction uniquely impacts MSCHF's speech and will do nothing to prevent any harm, let alone irreparable harm, to Vans (especially given that images of *Wavy Baby* already proliferate on the Internet and in the *Freaky Deaky* music video). If anything, allowing MSCHF to identify itself on its website and app as the source of the *Wavy Baby* work will serve the interests of justice because it will further clarify what is already clear—that MSCHF, and not Vans, is the source of *Wavy Baby*. Allowing MSCHF to retain the images of *Wavy Baby* on its website and app as a source identifier is thus likely to mitigate any harm to Vans rather than cause any harm to Vans.

      **C.**     **The Court's escrow order is contrary to law and should be rescinded.**

The Order directs MSCHF to escrow all of its revenue from *Wavy Baby* "so that . . . [MSCHF] may return those funds to customers who ordered [*Wavy Baby*] under the mistaken belief that Vans was the source of the shoes or otherwise approved or sponsored [*Wavy Baby*]." Order at 17–18. The parties neither briefed nor argued this issue, and it is contrary to law. Neither Vans nor the Court have cited any legal authority that would permit the Court to require such an extraordinary and punitive measure—nor could they, because no such authority exists.

We have identified no cases where a court has ordered a purported trademark infringer to escrow its *gross revenues* for *any* purpose. An order to escrow *net profits* might be appropriate

4

where the plaintiff seeks lost profits, but only where those profits will help ensure the availability of funds to provide the plaintiff's requested equitable relief. *Compare Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 131–33 (2d Cir. 2014) ("[District courts] maintain the equitable power to [issue a prejudgment asset freeze] . . . where the plaintiff is pursuing a claim for final equitable relief, and the preliminary injunction is ***ancillary to the final relief***.") with *AKF, Inc. v. AvantGarde Senior Living*, No. 21-CV-188, 2021 WL 2662070, at *4 (N.D.N.Y. Apr. 29, 2021) (refusing to order defendant's profits placed in escrow because the courts have "'no authority' under Rule 65 to issue a preliminary injunction preventing a defendant from disposing of its assets" pending a claim for money damages (quoting *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 133 (1999)).

Such an order is appropriate only where the court has found that the defendant likely would be unable to satisfy a judgment, which is not the case here. Even if the Court were to limit its escrow order to MSCHF's net profits, that relief is wholly unrelated to any harm purportedly suffered (or that purportedly will be suffered) by Vans. MSCHF's escrow of funds for the purpose of "return[ing] those funds to customers" is also inappropriate because it is unrelated to the remedies sought by Vans. *See* Complaint, ECF 1 at 54–56. For example, Vans has not sought—nor could it seek—restitution to purportedly confused consumers. Furthermore, as a factual matter, none of the purchasers of *Wavy Baby* have reported to MSCHF any confusion as to the source of the works they purchased. Accordingly, MSCHF respectfully requests that, in addition to granting the partial stay pending appeal, the Court rescind the portion of the Order requiring MSCHF to place funds into escrow.

### D.   The Order does not comply with Rule 65(c).

Rule 65(c) of the Federal Rules of Civil Procedure provides that "[t]he court may issue a preliminary injunction or a temporary restraining order ***only*** if the movant gives security in an

amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained" (emphasis added). Here, the Court has failed to make any assessment of the damage that is likely to be sustained by MSCHF if the Second Circuit or this Court later finds that MSCHF was wrongfully enjoined and that the Order was improvidently granted. *Corning Inc. v. PicVue Elecs.*, Ltd., 365 F.3d 156, 158 (2d Cir. 2004) (district court violated Rule 65(c), which "allows a preliminary injunction to become effective *only* upon the applicant's positing of an amount that the district court determines adequate" and requires "the district court . . . to make this determination *before* it enter[s] the preliminary injunction") (emphasis added); *Arias v. Solis*, 754 F. Supp. 290, 295 (E.D.N.Y. 1991) ("[A] court's failure to require the posting of security could be reversible error").

Admittedly, the economic harm to MSCHF is difficult to calculate. MSCHF has incurred minor expenses in modifying its website and app, as well as monitoring compliance with the injunction; if the Court declines to rescind the escrow order, MSCHF will lose its ability to use any revenue from its sales of *Wavy Baby* to pay for the costs of production and promotion of *Wavy Baby*. *See Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 456 (7th Cir. 2010) ("[W]hen setting the amount of security, district courts should err on the high side. . . . An error in setting the bond too high . . . is not serious. . . . [A]n error in the other direction produces irreparable injury, because the damages for an erroneous preliminary injunction cannot exceed the amount of the bond"). Indeed, the primary harm to MSCHF is to its reputation in the community, and to its ability to exercise its constitutional right to free expression, including the right to display *Wavy Baby* as an artwork at the upcoming Art Basel and Perrotin Gallery exhibitions later this year. *See* Whaley Decl., ECF 18 ¶ 49. In the absence of an immediate stay, later reversal of the Order will do nothing to allow MSCHF to go back in time to remedy the

6

harm that occurred during the period it was muzzled. There is no amount of security that can compensate MSCHF for that harm.

## II. MSCHF Will Be Irreparably Harmed Absent a Stay.

A stay is necessary to avoid irreparable injury to MSCHF. When First Amendment expression is enjoined "even for minimal periods of time"—which this injunction already has done—it "unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). If the Second Circuit finds in MSCHF's favor but the injunction remains in effect during the appeal, no court order could undo the harm of refusing to stay the injunction.

The Court's preliminary injunction irreparably harms MSCHF by infringing MSCHF's right to critique society and consumerism through non-infringing commentary on culturally relevant marks and to display its artworks. This interference with MSCHF's expression is a prior restraint—the most egregious of First Amendment violations. Further, the injunction serves as a subsequent punishment of lawful speech, and its effect will chill not only MSCHF's creative expression, but also will chill expression by other artists who desire to critique large corporations.

As explained above, a stay is appropriate if only because the Order constitutes a prior restraint on MSCHF's expression, including its right to display accurate archival images of its artworks on its website and app and to display its artworks in art museums and galleries. Indeed, by prohibiting MSCHF from promoting *Wavy Baby* at all, the Order prohibits even the display of "one pair of Wavy Baby shoes [] in the Metropolitan Museum or the Brooklyn Museum," April 27, 2020 Hearing Tr. 55:19–21, which the Court suggested would be protected activity under the First Amendment. Vans has not rebutted the "heavy presumption" against the prior restraint, and the Court has presented no lawful reason to justify it. Furthermore, forcing MSCHF to comply

with an unconstitutional injunction casts a cloud over MSCHF's and other artists' works—even those that have nothing to do with Vans—that provide incisive commentary and critique of consumerism and famous brands. The Supreme Court has recognized that "those who are sensitive to the perils posed by [the threat of penalties], avoid [those penalties] only by restricting their conduct to that which is unquestionably safe. *Free speech may not be so inhibited*." *Baggett v. Bullitt*, 377 U.S. 360, 372 (1964) (emphasis added). A stay is necessary to avoid chilling artistic speech by causing MSCHF and other artists to refrain from creating new art for fear of facing punitive litigation.

### III. Vans Will Face No Harm If the Order Is Stayed.

Vans would face no irreparable harm from the promotion of *Wavy Baby* works on MSCHF's website, on MSCHF's app, and in art exhibitions during the short time of MSCHF's emergency interlocutory appeal before the Second Circuit. MSCHF's website and app are clearly branded with MSCHF's name, which undermines any likelihood that consumers would be confused as to the source of the sold-out artworks, which will be depicted and described for archival purposes. MSCHF's works in Perrotin Gallery and Art Basel exhibitions will be clearly labelled as MSCHF works (indeed, the Perrotin Gallery exhibition will be a solo exhibition, where *all* the works will be MSCHF works), and none of the works will be offered for sale. Vans could thus face no harm at all from a tailored stay that permits MSCHF to republish its *Wavy Baby*-related website and app content and to promote its *Wavy Baby* works at art exhibitions.

A stay, however, will remove the prior restraint on speech and allow MSCHF to maintain images of and references to *Wavy Baby* on its website and mobile app during the pendency of the appeal, as well as to permit the inclusion of *Waby Baby* at upcoming art exhibitions. Given that

8

*Wavy Baby* artworks are already famous by virtue of their appearance in the *Freaky Deaky* video, and images of *Wavy Baby* have proliferated on the Internet in part because of the publicity surrounding this lawsuit, allowing MSCHF to maintain the images for archival purposes on its website and to keep the public informed of their origin will not cause any, let alone irreparable, harm to Vans.

**IV. The Public Interest Favors a Stay Because Failure to Stay Would Chill Artistic Expression**

Finally, the public interest weighs in favor of granting a partial stay. When government action chills third-party speech, it is an unconstitutional violation of the First Amendment. *Muchmore's Cafe, LLC v. City of New York*, No. 14-cv-5668, 2016 WL 11469539, at *4 (E.D.N.Y. Sept. 29, 2016) (plaintiff café alleged a plausible First Amendment violation because a New York City law that restricted dancing could chill the playing of certain music); *see also Pen Am. Ctr., Inc. v. Trump*, 448 F. Supp. 3d 309, 321 (S.D.N.Y. 2020), *stay granted, motion to certify appeal granted*, No. 18-cv-9433, 2020 WL 5836419 (S.D.N.Y. Oct. 1, 2020) (recognizing that a chilling effect on the defendant and on third-parties as "classic First Amendment injuries"). Because First Amendment cases send ripples through American society, it would be an error to look only at its impact on MSCHF or Vans alone. The Order casts a cloud over artworks that already have incorporated *Wavy Baby* into the work (such as Tyga and Doja Cat's *Freaky Deaky* music video, which has already caused Tyga to be the recipient of a cease-and-desist letter from Vans, *see* Pl.'s Br., ECF 2 at 12–13). Absent a stay, the preliminary injunction will likely also deter artists from commenting, critiquing, or parodying cultural icons for fear that they too would face punitive lawsuits and injunctions, including court orders that prohibit the display of the artwork. The impact of the Order is likely to be particularly severe in the context of Cultural Readymades, depriving the public of the full benefit of one of the most influential

9

and vibrant artistic traditions of the past century. *See* Def.'s Opp. Br., ECF 13 at 5 (discussing the "Cultural Readymade" art movement).

## CONCLUSION

For the foregoing reasons, MSCHF respectfully requests that the Court stay the provision of its April 29, 2022 Order that prohibits MSCHF's promotion of the *Wavy Baby* artworks, pending MSCHF's appeal. MSCHF also requests that the Court rescind the escrow portion of the Order and require Vans to post security pursuant to Rule 65(c).

Dated: New York, New York  
       May 20, 2022

Respectfully submitted,

By: /s/ *David H. Bernstein*  
     David H. Bernstein

DEBEVOISE & PLIMPTON LLP  
David H. Bernstein  
Megan K. Bannigan  
Marissa MacAneney  
Timothy Cuffman  
919 Third Avenue  
New York, New York 10022  
Tel: (212) 909-6000  
Fax: (212) 909-6836  
dhbernstein@debevoise.com  
mkbannigan@debevoise.com  
mpmacaneney@debevoise.com  
tcuffman@debevoise.com

SWANSON, MARTIN & BELL, LLP  
William D. Patterson (*pro hac vice*)  
Nicole E. O'Toole (*pro hac vice*)  
330 N. Wabash, Suite 3300  
Chicago, IL 60611  
(312) 321-8445  
wpatterson@smbtrials.com  
notoole@smbtrials.com

MSCHF PRODUCT STUDIO, INC.  
John Belcaster (*pro hac vice*)  
62 Bayard Street

Brooklyn, NY 11222
john@mschf.xyz

*Counsel for Defendant MSCHF Product Studio, Inc.*