DEBEVOISE & PLIMPTON LLP
David H. Bernstein
Megan K. Bannigan
Marissa MacAneney
Timothy Cuffman
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6696
Fax: (212) 521-7696
dhbernstein@debevoise.com
mkbannigan@debevoise.com
mkbannigan@debevoise.com
tcuffman@debevoise.com

SWANSON, MARTIN & BELL, LLP
William D. Patterson (*pro hac vice*)
Nicole E. O'Toole (*pro hac vice*)
330 N. Wabash, Suite 3300
Chicago, IL 60611
(312) 321-8445
wpatterson@smbtrials.com
notoole@smbtrials.com

MSCHF PRODUCT STUDIO, INC.
John Belcaster (*pro hac vice*)
62 Bayard Street
Brooklyn, NY 11222
john@mschf.xyz

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| VANS, INC. and VF OUTDOOR, LLC | X : : : | |
| Plaintiffs, | : : | 22-cv-02156-WFK-RML |
| -against- | : : : | **ANSWER TO COMPLAINT AFFIRMATIVE DEFENSES,** and **JURY DEMAND** |
| MSCHF PRODUCT STUDIOS, INC., | : : : | |
| Defendant | : : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | X | |

MSCHF Product Studio, Inc. ("MSCHF") by and through its undersigned counsel, hereby

submits its Answer, Affirmative Defenses and Counterclaim to the Complaint filed by Vans, Inc.

and VF Outdoor, LLC on April 14, 2022 ("Complaint").

## PRELIMINARY STATEMENT

MSCHF is an art collective famous for its work critiquing consumer culture and the modern

world. MSCHF operates by selling its limited edition works to the consuming public through its

proprietary website and mobile application through a series of "drops" where the art is released

and usually sells out within minutes. The works MSCHF sells through these drops are not mere consumer goods, but rather have been displayed and discussed at art museums and auction houses around the world. Demonstrating the level of respect the art world has for MSCHF, it regularly lectures on contemporary art at universities throughout the United States, and MSCHF's works are routinely critiqued in national and international publications.

MSCHF's artwork extends to a series of expressive works using shoes as a medium for its art. The *Birkinstocks*, *Jesus Shoes*, and *Satan Shoes*, have all been critiqued and admired at art galleries and museums around the world. The art piece at issue in this case, *Wavy Baby*, is an example of a cultural readymade—a mass-produced object modified to create expressive art. Like its other expressive footwear artwork, *Wavy Baby* has proven popular with the art community, and holds invitations to be displayed at the Perrotin Gallery and Art Basel.

Although Vans may not appreciate MSCHF's critique of its place in consumer culture or Vans' participation in an increasingly digital world, MSCHF's *Wavy Baby* is expression protected by the First Amendment. Vans' claims lack merit and fail to account for the expressive message and commentary encompassed in MSCHF's *Wavy Baby* artwork.

## INTRODUCTION

1.      MSCHF denies the allegation in paragraph 1 to the extent it alleges that Plaintiffs' products "embody Southern California counterculture" when in fact Vans has produced hundreds of millions of pairs of shoes that are a part of mainstream fashion. MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 and therefore denies the remaining allegations of paragraph 1, except MSCHF admits that Vans is an iconic brand in at least some distinct spheres which is why it is a ripe subject for MSCHF's commentary through its artwork.

2.　　　MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies the allegations of paragraph 2, except admits that Vans' OLD SKOOL is iconic in at least some distinct spheres, and therefore a ripe subject for MSCHF's commentary through its artwork.

3.　　　MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies the allegations of paragraph 3, except MSCHF admits that the OLD SKOOL is a popular shoe style.

4.　　　MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies the allegations of paragraph 4, except MSCHF admits that Vans is a generally well known brand, which is why Vans is a ripe subject for MSCHF's commentary through its artwork.

5.　　　MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies the allegations of paragraph 5.

6.　　　MSCHF denies the allegations in paragraph 6, except that MSCHF admits that it received a cease and desist letter from Vans' counsel on April 6, 2022.

7.　　　MSCHF denies the allegations in paragraph 7, except that MSCHF admits it collaborated with Michael Stevenson for its *Wavy Baby* artwork and that Vans' OLD SKOOL is iconic in at least some distinct spheres, which is why the OLD SKOOL is a ripe subject for MSCHF's commentary through its artwork.

8.　　　MSCHF denies the allegations in paragraph 8, and avers that the images in paragraph 8 are not a true comparison because the images are edited, not proportional, and not of the same shoe size as would be appropriate for a true comparison.

9.     MSCHF denies the allegations in paragraph 9, and avers that the images in paragraph 9 are edited, not proportional and misleading because the MSCHF shoebox is much larger than the Vans OLD SKOOL shoebox, yet the boxes to be the same size in Vans' distorted images.

10.     MSCHF denies the allegations in paragraph 10, except MSCHF admits that Vans, Inc. is listed as the owner of trademark application No. 97040210 on the Trademark Electronic Search System database.

11.     MSCHF denies the allegations in paragraph 11, except MSCHF admits it sold its *Wavy Baby* artwork on April 18, 2022 and that the artwork was available exclusively through MSCHF's mobile application, which included a countdown timer.

12.     MSCHF denies the allegations of paragraph 12, except MSCHF admits that its *Wavy Baby* artwork appeared in a music video for Tyga and Doja Cat's song *Freaky Deaky*. MSCHF further admits that images of its Wavy Baby artwork appeared on the MSCHF Sneakers website (https://mschfsneakers.com/wavy-baby), on the MSCHF Sneakers mobile application, and on MSCHF's social media accounts.

13.     MSCHF denies the allegations in paragraph 13, except MSCHF admits that it received a letter from Vans' counsel on April 6, 2022 and that the release date for the *Wavy Baby* artwork was April 18, 2022.

14.     MSCHF denies the allegations in paragraph 14, and directs Plaintiffs to the settlement discussions it participated in before Plaintiffs filed this lawsuit which directly contradict Plaintiffs' assertion that Vans had "no choice but to file this lawsuit."

## **THE PARTIES**

15.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies the allegations of paragraph 15.

16.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies the allegations of paragraph 16.

17.     MSCHF admits the allegations in paragraph 17.

## JURISDICTION AND VENUE

18.     Paragraph 18 states legal conclusions to which no response is required. To the extent a response is required, MSCHF admits that this civil action seeks the claimed relief, but denies that there is any valid factual basis for seeking such relief.

19.     Paragraph 19 states legal conclusions to which no response is required.  To the extent a response is required, MSCHF denies all allegations made in paragraph 19, but does not contest the Court's jurisdiction in this matter.

20.     Paragraph 20 states legal conclusions to which no response is required.  To the extent a response is required, MSCHF denies all allegations made in paragraph 20, but does not contest the Court's jurisdiction in this matter.

21.     Paragraph 21 states legal conclusions to which no response is required.  To the extent a response is required, MSCHF denies all allegations made in paragraph 21, but does not contest the Court's jurisdiction in this matter.

22.     Paragraph 22 states legal conclusions to which no response is required.  To the extent a response is required, MSCHF denies all allegations made in paragraph 22, but does not contest venue in this matter.

## FACTUAL BACKGROUND

### I.      VANS AND ITS BUSINESS

23.     MSCHF denies the allegation in paragraph 23 to the extent it alleges that Plaintiffs' products "embody Southern California counterculture" when in fact Vans has produced hundreds of millions of pairs of shoes that are a part of mainstream fashion. MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies the allegations of paragraph 23.

24.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies the allegations of paragraph 24.

25.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies the allegations of paragraph 25, except MSCHF admits that Vans is a generally well known footwear company, which made Vans a ripe subject for commentary through MSCHF's artwork.

26.     MSCHF denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies the allegations of paragraph 26.

27.     MSCHF admits the allegation in paragraph 27.

28.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies the allegations of paragraph 28, except MSCHF admits that some Vans shoes and Nike shoes are popular with some segments of the United States population, which make both companies a ripe subject for commentary through MSCHF's artwork.

29.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies the allegations of paragraph 29, except MSCHF admits that Vans distributes its footwear through a variety of channels including retail outlets, the Vans' website, and Vans' own retail stores..

30.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies the allegations of paragraph 30, except MSCHF admits that Vans makes footwear for the masses, which positions Vans as ripe for MSCHF's commentary.

31.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies the allegations of paragraph 31.

32.     MSCHF denies the allegations in paragraph 32, except MSCHF admits that Vans' OLD SKOOL is iconic in at least some distinct spheres which is why it is a ripe subject for MSCHF's commentary through its artwork.

## II.     VANS' OLD SKOOL TRADE DRESS

33.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies the allegations of paragraph 33, except MSCHF admits that Vans' OLD SKOOL is "[c]entral to this lawsuit" and is "an iconic low-top skate shoe" in at least some distinct spheres which is why it is a ripe subject for MSCHF's commentary through its artwork.

34.     Paragraph 34 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations of paragraph 34. MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies the allegations of paragraph 34.

35.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies the allegations of paragraph 35, except admits that the OLD SKOOL debuted in the 1970s.

36.     MSCHF denies the allegations in paragraph 36, and directs Plaintiffs to the declaration of Marissa MacAneney in opposition to Van's motion for a temporary restraining order (Dkt. 15) which includes dozens of examples of competitors' footwear that closely resemble the OLD SKOOL.

37.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies the allegations of paragraph 37.

38.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies the allegations of paragraph 38.

39.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies the allegations of paragraph 39.

40.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies the allegations of paragraph 40.

41.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies the allegations of paragraph 41.

42.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies the allegations of paragraph 42.

43.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies the allegations of paragraph 43, except MSCHF admits that the OLD SKOOL is a popular shoe style in at least some distinct spheres.

44.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies the allegations of paragraph 44, except MSCHF admits that the OLD SKOOL is a popular shoe style.

45.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies the allegations of paragraph 45.

46.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies the allegations of paragraph 46.

47.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies the allegations of paragraph 47.

48.     MSCHF denies the allegations in paragraph 48.

### III.     VANS' SIDE STRIPE TRADEMARK

49.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore denies the allegations of paragraph 49, except MSCHF admits that the Side Stripe Mark appears on the side panel of many Vans shoes.

50.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies the allegations of paragraph 50.

51.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and therefore denies the allegations of paragraph 51.

52.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore denies the allegations of paragraph 52.

53.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies the allegations of paragraph 53.

54.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies the allegations of paragraph 54.

55.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and therefore denies the allegations of paragraph 55, except that MSCHF admits that Vans' has reproduced an image of Tony Hawk wearing shoes with the Side Stripe Mark.

56.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and therefore denies the allegations of paragraph 56, except MSCHF admits that Vans sponsored the Warped Tour.

57.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore denies the allegations of paragraph 57, and MSCHF avers that hundreds of shoe styles contain side stripes.

58.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies the allegations of paragraph 58.

59.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore denies the allegations of paragraph 59, except admits that Exhibits 2, 3 and 4 purport to show Certificates of Registration for Reg. No. 2,177,772, Reg. No. 2,170,961 and Reg. No. 2,172,482 respectively, and that each attached purported copy lists "Vans, Inc." as the registrant.

60.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 and therefore denies the allegations of Paragraph 60.

61.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and therefore denies the allegations of paragraph 61, except MSCHF admits that purported copies of the referenced Certificates of Registration are attached collectively as Exhibit 5, and that "Vans, Inc." is listed as the registrant.

62.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and therefore denies the allegations of paragraph 62, except MSCHF admits that the quoted language in paragraph 62 appears in the articles cited in the footnotes referenced in paragraph 62.

63.      MSCHF denies the allegations in paragraph 63.

## IV.     VANS' ADDITIONAL U.S. TRADEMARK REGISTRATIONS AND PROTECTED TRADE DRESS

64.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and therefore denies the allegations of paragraph 64.

65.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 and therefore denies the allegations of paragraph 65, except MSCHF admits that the purported copy of the Certificate of Registration for Reg. No. 5,320,384 attached as Exhibit 6 includes the quoted language in paragraph 65.

66.     MSCHF denies the allegations in paragraph 66 to the extent it alleges that Vans' mark is "nonfunctional" and "not essential to the use or purpose of the shoe" as these allegations are legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 66. MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 66 and therefore denies the remaining allegations of paragraph 66.

67.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies the allegations of paragraph 67.

68.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore denies the allegations of paragraph 68, except

MSCHF admits that "Vans, Inc." is listed as the registrant on the U.S. Trademark Registrations listed in paragraph 68.

69.    Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 69, except MSCHF admits that purported copies of the referenced Certificates of Registration are attached collectively as Exhibits 7, 8, 9, 10, 11 and 12, and that "Vans, Inc." is listed as the registrant.

70.    MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies the allegations of paragraph 70.

71.    Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 71. MSCHF further denies that Vans' shoe boxes are "iconic."  MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 71 and therefore denies the remaining allegations of paragraph 71.

72.    Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 72. MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies the allegations of paragraph 72.

73.    MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and therefore denies the allegations of paragraph 73.

74.    Paragraph 74 states a legal conclusion to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 74.

## V.    VANS MAINTAINS STRICT CONTROL OVER AND VIGOROUSLY DEFENDS ITS TRADEMARKS AND TRADE DRESS

75.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and therefore denies the allegations of paragraph 75.

76.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and therefore denies the allegations of paragraph 76.

77.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies the allegations of paragraph 77.

## VI.     DEFENDANT MSCHF AND ITS UNLAWFUL USE OF VANS' INTELLECTUAL PROPERTY

78.     MSCHF denies the allegations in paragraph 78, and directs Vans to the year-long design and manufacture process for the original, creative *Wavy Baby* artwork.

79.     MSCHF denies the allegations in paragraph 79, except MSCHF admits that Vans' OLD SKOOL shoes are iconic in at least some distinct spheres which makes them a ripe subject for MSCHF's commentary through its artwork.

### *MSCHF's Scheme to Copy Vans' Shoes*

80.     MSCHF denies the allegations in paragraph 80.

81.     MSCHF denies the allegations in paragraph 81.

82.     MSCHF denies the allegations in paragraph 82.

83.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83, as the purported post no longer exists on Mr. Stevenson's Instagram page, and therefore MSCHF denies the allegations of paragraph 83.

84.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84, as the purported post no longer exists on Mr. Stevenson's Instagram page, and therefore MSCHF denies the allegations of paragraph 84.

85. MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85, as the post no longer exists on Mr. Stevenson's Instagram page, and therefore MSCHF denies the allegations of paragraph 85.

86. MSCHF denies the allegations in paragraph 86, except that MSCHF admits that Mr. Stevenson posted a video putting Vans' OLD SKOOL shoes in a microwave and taking out the *Wavy Baby* artwork. MSCHF further avers that this video is an allusion to an earlier version of the same concept produced by *High Snobiety*, as a comment on the surrealist nature of *Wavy Baby* as a shoe.

87. MSCHF denies the allegations in paragraph 87 and specifically denies that it "intended to deceive consumers." MSCHF admits that Vans has collaborated with celebrities in the past, however MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 87, including who Vans has collaborated with in the past, and therefore MSCHF denies the remaining allegations of paragraph 87.

88. MSCHF denies the allegations in paragraph 88, except that MSCHF admits that numerous articles have appeared discussing MSCHF's *Wavy Baby* art work.

89. MSCHF denies the allegations in paragraph 89, except that MSCHF admits that numerous media outlets have acknowledged *Wavy Baby* as a critique of Vans and that Vans' OLD SKOOL shoes are iconic in at least some distinct spheres. MSCHF avers that Plaintiffs have not provided the full context for the quotations it has cherry-picked in paragraph 89, and therefore the selected quotations are misleading.

90. MSCHF denies the allegations in paragraph 90 and avers that the images in paragraph 90 are not a true comparison because the images are edited, not proportional, and not of the same shoe size as would be appropriate for a true comparison.

91.     MSCHF denies the allegations in paragraph 91, except that MSCHF admits that there is a "warning label" on the bottom of its *Wavy Baby* art and that the warning label is accurately transcribed in paragraph 91. .MSCHF avers that the images are misleading as Plaintiffs have cropped, edited and distorted the proportions of the warning label in paragraph 91.

92.     MSCHF denies the allegations in paragraph 92.

93.     MSCHF denies the allegations in paragraph 93, except MSCHF admits that it collaborated with Mr. Stevenson for its *Wavy Baby* artwork, admits that Vans is a popular footwear company in at least some distinct spheres, and admits that the *Wavy Baby* artwork debuted after Vans established itself as a footwear company.

### *Defendant's Intentional Copying of Vans' Trademarks and Trade Dress Rights*

94.     MSCHF denies the allegations in paragraph 94.

95.     MSCHF denies the allegations in paragraph 95.

96.     MSCHF denies the allegations in paragraph 96, and directs Plaintiffs to the stark contrast between the shape of the stripe on the Wavy Baby artwork and the stripe on the side of Vans' OLD SKOOL. MSCHF further asserts that the images in paragraph 96 are misleading as they are not proportional, as would be appropriate for a true comparison, and therefore MSCHF denies that these images are a "comparison." MSCHF also asserts that the circled portions of the images in paragraph 96 are not similar, much less a "blatant[] cop[y].". For example, the left circle on the purported image of U.S. Trademark Reg. No. 2,177,772 shows a thick stripe with a straight, flat end that connects to the above dashed straight line in the image, while the left circle on the purported image of the *Wavy Baby* is thin, comes to a point at the end and connects to a dashed, squiggly line both above and below the stripe.

97.     MSCHF denies the allegations in paragraph 97, and also directs Plaintiffs to its response in paragraph 96.  MSCHF further directs Plaintiffs to the declaration of Marissa MacAneney in opposition to Van's motion for a temporary restraining order (Dkt. 15) which includes dozens of examples of competitors' footwear that closely resemble the OLD SKOOL.

98.     MSCHF denies the allegations in paragraph 98. MSCHF further asserts that the images in paragraph 98 are misleading as they are not proportional, as would be appropriate for a true comparison, and therefore MSCHF denies that these images are a "comparison." MSCHF further directs Plaintiffs to the declaration of Marissa MacAneney in opposition to Van's motion for a temporary restraining order (Dkt. 15) which includes dozens of examples of competitors' footwear that closely resemble the OLD SKOOL.

99.     MSCHF denies the allegations in paragraph 99. MSCHF further asserts that the images in paragraph 99 are misleading as they are not proportional, as would be appropriate for a true comparison, and therefore MSCHF denies that these images are a "comparison."

100.    MSCHF denies the allegations in paragraph 100.

101.    MSCHF denies the allegations in paragraph 101.

### Defendant's Additional Attempts to Associate the Wavy Baby with Vans

102.    MSCHF denies the allegations in paragraph 102.

103.    MSCHF denies the allegations in paragraph 103.

104.    MSCHF denies the allegations in paragraph 104, except that MSCHF admits it has not applied for registration of any "wavy" mark.

105.    MSCHF denies the allegations in paragraph 105.

106.    MSCHF denies the allegations in paragraph 106, except that MSCHF admits that the images below paragraph 106 appeared in connection with its *Wavy Baby* artwork.

107.    MSCHF denies the allegations in paragraph 107, except that MSCHF admits that the image below paragraph 107 appeared in connection with its *Wavy Baby* artwork.

108.    MSCHF denies the allegations in paragraph 108, except that MSCHF admits that it issued a manifesto which included the quoted language, and further described its explicit intent to expressly critique Vans. MSCHF asserts that its Wavy Baby manifesto speaks for itself.

109.    MSCHF denies the allegations in Paragraph 109.

### *Defendant's Failure to Cease and Desist*

110.    MSCHF admits the allegations in paragraph 110.

111.    MSCHF admits the allegations in paragraph 111.

112.    MSCHF admits that it participated in discussions with Plaintiffs to reach an amicable resolution to this matter, however MSCHF avers that Plaintiffs never responded to the last proposed settlement offer from MSCHF and instead of participating in productive settlement discussions, Plaintiffs filed this lawsuit.

113.    MSCHF denies the allegations in paragraph 113 and directs Plaintiffs to the settlement discussions it participated in before Plaintiffs filed this lawsuit which directly contradict Plaintiffs' assertion that Vans had "no choice but to file this lawsuit."

### VII.    <u>INJURIES TO VANS AND THE PUBLIC</u>

114.    Paragraph 114 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 114.

115.    MSCHF denies the allegations in paragraph 115, except that MSCHF admits that neither MSCHF nor *Wavy Baby* is affiliated with Vans.

116.     Paragraph 116 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 116.

117.     Paragraph 117 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in Paragraph 117.

118.     MSCHF denies the allegations in paragraph 118, except that MSCHF admits that it planned to, and did, sell its limited edition artwork known as *Wavy Baby* on April 18, 2022.

119.     MSCHF denies the allegations in paragraph 119, and avers that it is not planning "additional releases of the Wavy Baby [], including in different colorways."

120.     Paragraph 120 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 120.

121.     Paragraph 121 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 121.

122.     Paragraph 122 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 122.

123.     MSCHF denies the allegations in paragraph 123.

## COUNT I

### Federal Trademark Infringement (15 U.S.C. § 1114)

124.     MSCHF incorporates by reference its answers in the foregoing paragraphs as if fully set forth herein.

125.     Paragraph 125 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 125.

126.     Paragraph 126 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 126.

127.     Paragraph 127 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 127.

128.     Paragraph 128 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 128.

129.     Paragraph 129 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 129.

**COUNT II**

**Federal Unfair Competition and False Designation of Origin (15 U.S.C. § 1125(a))**

130.     MSCHF incorporates by reference its answers in the foregoing paragraphs as if fully set forth herein.

131.     Paragraph 131 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 131.

132.     Paragraph 132 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 132.

133.     Paragraph 133 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 133.

134.     Paragraph 134 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 134.

135.     Paragraph 135 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 135.

136.     Paragraph 136 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 136.

**COUNT III**

**Federal Trademark Dilution (15 U.S.C. § 1125(c))**

137.     MSCHF incorporates by reference its answers in the foregoing paragraphs as if fully set forth herein.

138.     Paragraph 138 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 138. MSCHF denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 138 and therefore denies the remaining allegations of paragraph 138.

139.     MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 139 and therefore denies the allegations of paragraph 138.

140.     MSCHF denies the allegations in paragraph 140.

141.     Paragraph 141 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 141.

142.     Paragraph 142 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 142.

143.     Paragraph 143 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 143.

144.     Paragraph 144 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 144.

**New York Unfair Trade Practices (NY Gen. Bus. Law § 349)**

145.    MSCHF incorporates by reference its answers in the foregoing paragraphs as if fully set forth herein.

146.    Paragraph 146 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 146.

147.    MSCHF denies the allegations in paragraph 147, except that MSCHF admits that it offered for sale the *Wavy Baby* artwork from New York.

148.    Paragraph 148 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 148.

149. Paragraph 149 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 149.

**COUNT V**

**Trademark Dilution (NY Gen. Bus. Law § 360-1)**

150.    MSCHF incorporates by reference its answers in the foregoing paragraphs as if fully set forth herein.

151.    Paragraph 151 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 151.

152.    Paragraph 152 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 152.

153.    MSCHF denies the allegations in paragraph 153.

154.    Paragraph 154 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 154.

155. Paragraph 155 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 155.

## COUNT VI

### Common Law Trademark Infringement and Unfair Competition

156. MSCHF incorporates by reference its answers in the foregoing paragraphs as if fully set forth herein.

157. Paragraph 157 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 157.

158. MSCHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 158 and therefore denies the allegations of Paragraph 158.

159. Paragraph 159 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 159.

160. MSCHF denies the allegations in paragraph 160.

161. Paragraph 161 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 161.

162. Paragraph 162 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 162.

163. Paragraph 163 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 163.

164. Paragraph 164 states legal conclusions to which no response is required. To the extent a response is required, MSCHF denies the allegations in paragraph 164.

## PRAYER FOR RELIEF

To the extent that a response to Vans' prayer for relief is required, MSCHF denies that Vans is entitled to any relief whatsoever.

## MSCHF'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

MSCHF's *Wavy Baby* is an artistically expressive piece and therefore is entitled to protection under the First Amendment of the United States Constitution. MSCHF's *Wavy Baby* references Vans' trademarks and trade dress in an artistic work in a manner that has artistic relevance to the work without being explicitly misleading. *See, e.g., Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989).

### SECOND AFFIRMATIVE DEFENSE

MSCHF's *Wavy Baby* is a parody and therefore is not likely to cause confusion.

### THIRD AFFIRMATIVE DEFENSE

Vans' alleged trademarks and trade dress, to the extent they are valid and protectable, are weak and entitled to a narrow scope of protection. Vans has permitted (1) competitors' skate shoes that closely resemble its alleged trade dress to flood the market (s*ee, e.g.*, Dkt 15-1); (2) numerous examples of footwear that contain the words "WAV" (s*ee, e.g.*, Dkt 15-2); and (3) the registration of many live trademarks containing "WAVE" or "WAVY" on the UPSTO (s*ee, e.g.*, Dkts. 15-3 and 15-4).

### FOURTH AFFIRMATIVE DEFENSE

Vans dilution causes of action are unconstitutional and cannot provide Vans any form of relief.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, MSCHF demands a trial by jury of this action.

**WHEREFORE**, MSCHF prays for judgment as follows:

1. That Vans and VF Outdoor take nothing by way of its Complaint;

2. That the Complaint be dismissed in its entirety with prejudice;

3. That MSCHF be awarded its costs of suit incurred herein in connection with this action, including reasonable attorneys' fees and damages related to any injunction; and

5. For such other and further relief as the Court deems just and proper.


**Dated:**       June 14, 2022
            Chicago, Illinois

                                        */s/_____Nicole E. O'Toole_____*

SWANSON, MARTIN & BELL, LLP
William D. Patterson (*pro hac vice*)
Nicole E. O'Toole (*pro hac vice*)
330 N. Wabash, Suite 3300
Chicago, IL 60611
Telephone: (312) 321-8445
wpatterson@smbtrials.com
notoole@smbtrials.com

MSCHF PRODUCT STUDIO, INC.
John Belcaster (*pro hac vice*)
62 Bayard Street
Brooklyn, NY 11222
john@mschf.xyz

DEBEVOISE & PLIMPTON LLP
David H. Bernstein
Megan K. Bannigan
Marissa MacAneney
Timothy Cuffman
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6696
dhbernstein@debevoise.com
mkbannigan@debevoise.com
mpmacaneney@debevoise.com
tcuffman@debevoise.com

*Counsel for Defendant MSCHF Product Studio, Inc.*