**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VANS, INC. and VF OUTDOOR, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MSCHF PRODUCT STUDIO, INC.,<br><br>Defendant. | Case No. 1:22-cv-02156-WFK-RML |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
TO PARTIALLY STAY PRELIMINARY INJUNCTION, REQUIRE
PLAINTIFF TO POST A BOND, AND RESCIND ESCROW REQUIREMENT**

SWANSON, MARTIN & BELL, LLP
William D. Patterson (*pro hac vice*)
Nicole E. O'Toole (*pro hac vice*)
330 N. Wabash, Suite 3300
Chicago, IL 60611
(312) 321-8445
wpatterson@smbtrials.com
notoole@smbtrials.com

MSCHF PRODUCT STUDIO, INC.
John Belcaster (*pro hac vice*)
62 Bayard Street
Brooklyn, NY 11222
john@mschf.xyz

DEBEVOISE & PLIMPTON LLP
David H. Bernstein
Megan K. Bannigan
Marissa MacAneney
Timothy Cuffman
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6696
Fax: (212) 521-7696
dhbernstein@debevoise.com
mkbannigan@debevoise.com
mpmacaneney@debevoise.com
tcuffman@debevoise.com

*Counsel for Defendant MSCHF Product Studio, Inc.*

# TABLE OF CONTENTS

INTRODUCTION ...........................................................................................................................1
ARGUMENT .................................................................................................................................2
    I.    MSCHF Should Be Permitted to Display *Wavy Baby* as Art .......................................2
        A. MSCHF, Not Vans, Will be Irreparably Harmed ......................................................3
        B. The Public Deserves Clarity ......................................................................................5
        C. MSCHF Has Made a Sufficient Showing It is Likely to Succeed .............................6
    II.    The Unprecedented Escrow Requirement Should be Stayed ........................................6
    III.    This Court Should Require a Bond................................................................................8
CONCLUSION................................................................................................................................9

# TABLE OF AUTHORITIES

*Cases*                                                                                                          *Page(s)*

*Adsani v. Miller*,
　　139 F.3d 67 (2d Cir. 1998) ..................................................................................................8

*Alexander v. U.S.*,
　　509 U.S. 544 (1993) ............................................................................................................3

*Cantwell v. Connecticut*,
　　310 U.S. 296 (1940) ............................................................................................................3

*Clarkson Co. v. Shaheen¸*
　　544 F.2d 624 (2d Cir. 1976) ................................................................................................8

*Eastman Kodak Co. v. Southern Photo Materials Co.*,
　　273 U.S. 359 (1927) ............................................................................................................9

*Elrod v. Burns*,
　　427 U.S. 347 (1976) ............................................................................................................3

*Gerard v. Almouli*,
　　746 F.2d 936 (2d Cir. 1984) ............................................................................................8, 9

*Green v. Dep't of Educ. of City of New York*,
　　16 F.4th 1070 (2d Cir. 2021) ...............................................................................................7

*Gucci Am., Inc. v. Weixing Li*,
　　768 F.3d 122 (2d Cir. 2014) ............................................................................................6, 7

*LSO, Ltd. v. Stroh*,
　　205 F.3d 1146 (9th Cir. 2000) .............................................................................................3

*Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*,
　　239 F.3d 172 (2d Cir. 2001) ............................................................................................3, 4

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*,
　　945 F.2ed 150, 153 (6th Cir. 1991) .....................................................................................6

*Mohammed v. Reno*,
　　309 F.3d 95 (2d Cir. 2002) ..................................................................................................6

*Muchmore's Café, LLC v. City of New York*,
　　No. 14-CV-5668 (RRM) (RER), 2016 WL 11469539 (E.D.N.Y. Sept. 29, 2016) ............5

*Nken v. Holder*,
    556 U.S. 418 (2009) ............................................................................................2, 5

*Org. for a Better Austin v. Keefe*,
    402 U.S. 415 (1971) ..................................................................................................3

*Pittsburgh Press v. Pittsburgh Comm'n on Human Relations*,
    413 U.S. 376 (1973) ..................................................................................................3

*Smith v. Daily Mail Publ'g Co.*,
    443 U.S. 97 (1979) ....................................................................................................3

*Thomas v. Collins*,
    323 U.S. 516 (1945) ..................................................................................................3

*Torcivia v. Suffolk Cnty., New York*,
    17 F.4th 342 (2d Cir. 2021) ......................................................................................7

*Two Pesos, Inc. v. Taco Cabana, Inc.*,
    505 U.S. 763 (1992) ..................................................................................................4

*Veeco Instruments, Inc. v. SGL Carbon, LLC*,
    No. 17-CV-2217 (PKC), 2017 WL 8676438 (E.D.N.Y. Dec. 26, 2017) ..........................8

**Statutes**                                                                                                                **Page(s)**

15 U.S.C. § 1125 .................................................................................................................5

15 U.S.C. § 1127 .................................................................................................................4

Fed. R. Civ. P. 65(c) .......................................................................................................1, 9

**Other Authorities**                                                                                                       **Page(s)**

2 Smolla & Nimmer on Freedom of Speech § 15:1 ............................................................3

Defendant MSCHF Product Studio, Inc. ("MSCHF") respectfully submits this reply in support of its motion to partially stay this Court's April 29, 2022 order (the "Order"), to rescind the Order's unprecedented escrow requirement; and to require Plaintiffs Vans, Inc. and VF Outdoor, LLC ("Vans") to post security pursuant to Fed. R. Civ. P. 65(c). (ECF 46-47).

## INTRODUCTION

The Second Circuit has granted MSCHF's motion seeking an expedited appeal; briefing on the appeal is already underway. Pending the Second Circuit's ruling, the art collective MSCHF seeks a partial stay of the Order so that MSCHF may exercise its classic First Amendment rights to discuss and display its artwork, *Wavy Baby*, at upcoming art exhibitions and to display a digital image of the work on its website and mobile applications as part of its artistic archive of items no longer available for sale. MSCHF remains committed not to advertise for sale, offer to sell, take orders for, sell, or otherwise market *Wavy Baby* or new variations of *Wavy Baby* during the pendency of this action.

Granting this narrow stay avoids the irreparable harm MSCHF suffers from being unable to show the breadth of its portfolio of artistic works, without causing Vans any plausible harm. Vans cannot reasonably argue that permitting MSCHF to identify itself as the source of origin of *Wavy Baby* on its own website and in art exhibitions will harm Vans. In addition to avoiding irreparable injury to MSCHF, granting this stay supports the public's interest in artistic expression and provides clarity regarding the creator of *Wavy Baby*.

MSCHF similarly seeks relief from Vans' unprecedented request, unsupported by any briefing or case law, that MSCHF escrow its gross revenues from the *Wavy Baby* sale. Further, this Court should follow clear precedent and order a bond as required under Rule 65(c). Vans suffers no notable harm from this Court modifying its Order in either respect.

1

## ARGUMENT

The parties agree that courts analyze four factors when considering a stay pending judicial review: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009). Although Vans notes that *Nken* states that a stay "is not a matter of right, even if irreparable injury might otherwise result; it is instead an exercise of judicial discretion…," it omits that "…the propriety of its issue is dependent upon the ***circumstances of the particular case***." *Id.* (emphasis added). Under the particular circumstances here, an art collective should be permitted to claim and display its own works as art, even if it remains forbidden to market or sell the work for the pendency of this action.

### I. MSCHF Should Be Permitted to Display *Wavy Baby* as Art.

MSCHF seeks a stay of the Order, pending its expedited appeal, to the extent it prohibits MSCHF from displaying *Wavy Baby* alongside other MSCHF artworks that are also not for sale, whether online through MSCHF's mobile app or website, or at galleries, art fairs, and exhibitions. This stay would remove the irreparable harm to MSCHF while the Second Circuit considers MSCHF's appeal on an expedited schedule,[1] and further the public's interest in art and knowing the source of origin of *Wavy Baby*. Given that this Court and the Second Circuit have

---

[1] The Second Circuit has entered an expedited briefing schedule that requires MSCHF to submit its appellate brief today, June 17, 2022, Vans' opposition brief on July 22, 2022, and MSCHF's reply on August 2, 2022. The Second Circuit has ordered the appeal to "be heard as soon as practicable after briefing is completed." *See* No. 22-1006, Dkt. 33 (Order Granting Motion to Expedite).

recognized the serious issues raised by MSCHF, all four factors weigh in MSCHF's favor, and the stay should be granted.

### A. MSCHF, Not Vans, Will be Irreparably Harmed.

MSCHF has a constitutional right to display its art. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1160 (9th Cir. 2000) (the First Amendment protects the right to display art). As this Court noted at oral argument, there are clear situations where *Wavy Baby* is protected by the First Amendment, including display at art museums. (*See* TRO Hearing Transcript (April 27, 2022) at 55). Enjoining that First Amendment right creates irreparable harm to MSCHF. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (injunctions of First Amendment speech, even for minimal periods of time, "unquestionably constitutes irreparable injury"). By prohibiting MSCHF from displaying *Wavy Baby* on its website, on its mobile app, or in art galleries, alongside MSCHF's other art that is not for sale, the Order is a prior restraint of First Amendment rights. *See e.g.* 2 Smolla & Nimmer on Freedom of Speech § 15:1 (prior restraints inarguably include "judicial order[s] directing an individual not to engage in expression, on pain of contempt."[2]).

The harm is not hypothetical. Without *Wavy Baby*, the record of MSCHF's art is incomplete. The omission will inhibit the evaluation of MSCHF as an art collective and alter the perception of MSCHF's breadth of creativity. Because First Amendment rights are so crucial, a prior restraint is "subject to 'heavy presumption' against its constitutional validity." *Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419–20 (1971); *see also Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 239 F.3d 172, 178 (2d Cir. 2001) (The Second

---

[2] Summarizing United States Supreme Court precedent from *Thomas v. Collins*, 323 U.S. 516 (1945); *Smith v. Daily Mail Publ'g Co.*, 443 U.S. 97 (1979); *Pittsburgh Press v. Pittsburgh Comm'n on Human Relations*, 413 U.S. 376 (1973); and *Cantwell v. Connecticut*, 310 U.S. 296 (1940). MSCHF acknowledges it misattributed this summation of the law to *Alexander v. U.S.*, 509 U.S. 544 (1993) in its original brief. Regardless, the summation of law is accurate.

Circuit honors the principle that "the First Amendment strongly disfavors injunctions that impose a prior restraint on speech.").

Vans provides the Court with no factual basis for overcoming the heavy presumption against constitutional validity of the Order. Instead, Vans argues that this Court already held that the sale of *Wavy Baby* does not implicate the First Amendment. This argument misses the point. MSCHF seeks to stay the prior restraint imposed on MSCHF's ability to display *Wavy Baby* alongside its other pieces that are not for sale and at art galleries. MSCHF does not seek a stay that would permit the promotion of an upcoming release of any shoes, nor does it seek a stay to sell more *Wavy Baby* pieces. Indeed, contrary to Vans' efforts to paint MSCHF as inconsistent, MSCHF remains committed not to advertise, offer to sell, sell, take orders for, or otherwise market *Wavy Baby* pending this litigation.

Meanwhile, Vans suffers no injury from MSCHF's display of *Wavy Baby* with its other art. Vans alleges in its Complaint that it is irreparably harmed because consumers are likely to believe *Wavy Baby* originated with Vans. (ECF 1, ¶¶ 87, 109). By displaying *Wavy Baby* alongside MSCHF's other art, where MSCHF is clearly identified as the author, Vans benefits because MSCHF is furthering the public record that *Wavy Baby* originated with MSCHF, and not Vans.

Indeed, not only does a stay protect MSCHF's First Amendment rights, a stay also furthers the goals of the Lanham Act. Trademarks indicate the source of goods. 15 U.S.C. § 1127; *see also Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). Purportedly, Vans filed this litigation because of confusion regarding the source of *Wavy Baby*. Prohibiting MSCHF from identifying itself as the source of *Wavy Baby* does not harm Vans. Instead, permitting MSCHF to identify itself as the creator of origin of *Wavy Baby* decreases any risk of

confusion. Because Vans claims that the confusion will cause irreparable harm, Vans cannot now claim that efforts to eradicate that alleged confusion will also irreparably harm Vans.

Finally, MSCHF does not request that this Court stay any portion of the Order prohibiting the marketing or sale of *Wavy Baby*. Therefore, Vans' argument that this Court already decided the balance of hardships is misplaced. Instead, MSCHF merely requests that pending appeal, this Court permit MSCHF to exercise its well-established First Amendment right to display *Wavy Baby* as a part of its artistic portfolio on its website, mobile app, and at art galleries. Such a stay is consistent with both the First Amendment and trademark law. Thus, the second and third factors concerning irreparably injury tip in MSCHF's favor. *See Nken v. Holder*, 556 U.S. 418, 434 (2009).

### B. The Public Deserves Clarity.

The public interest also favors a stay. As expressed by Congress through the Lanham Act, there is a strong public interest in accurate information regarding the source of goods. *See* 15 U.S.C. § 1125. Indeed, as Vans notes, the public has an interest in being free from confusion. (ECF 54 at 7-8). Here, that means that MSCHF should be able to identify for the public that it created *Wavy Baby* and should be able to display *Wavy Baby* as art under its own name.

There is also a strong public interest in freedom of expression. Infringing on MSCHF's right to identify itself as the originator of *Wavy Baby* chills the rights of other artists and creatives who wish to comment on the role of brands in American culture. *Muchmore's Café, LLC v. City of New York*, No. 14-CV-5668 (RRM) (RER), 2016 WL 11469539, at *4 (E.D.N.Y. Sept. 29, 2016). Because the proposed stay would not create confusion, but rather ameliorate any reasonable concern by Vans about confusion, this factor also favors MSCHF.

### C. MSCHF Has Made a Sufficient Showing It is Likely to Succeed.

MSCHF need not establish that it will win on appeal; rather, the Second Circuit has held that the degree of the possibility of success to satisfy this factor varies based on the other factors. *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002). This Court already indicated its understanding that this case sits somewhere between a clear matter involving artistic expression and one involving pure commercial speech. (*See* TRO Hearing Transcript (April 27, 2022) at 86–87). The Second Circuit also has recognized the seriousness of the appeal, by granting an expedited appeal.[3] *See* No. 22-1006, Dkt. 33 (Order Granting Motion to Expedite).

Because this case is at least a close call, and the proposed stay would remove the irreparable harm suffered by MSCHF without harming Vans, this factor also weighs in favor of MSCHF. As the Second Circuit has explained, when the other factors favor a stay, the showing required to satisfy this factor decreases. *Mohammed*, 309 F.3d at 101 (*quoting Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2ed 150, 153 (6th Cir. 1991)). Therefore, all four factors favor granting the partial stay.

**II.     The Unprecedented Escrow Requirement Should be Stayed.**

Vans has not cited any legal precedent for requiring a purported trademark infringer to escrow all gross receipts. In *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122 (2d Cir. 2014), the sole case cited by Vans, the Second Circuit upheld a freeze on **profits** – that, was only because "plaintiffs in trademark infringement actions may recover defendants' profits." *Id.* at 130. Even then, the defendants' presumed inability to pay after judgment was the only reason that

---

[3] Vans' argument that the expedited appeal somehow renders this motion moot is nonsensical. MSCHF is suffering irreparable injury today from its inability to display its art. Further, there is no guarantee the Second Circuit will issue its opinion before the art exhibitions are scheduled to begin.

necessitated the escrow requirement. *Id.* *Gucci* does not support any requirement that MSCHF escrow **all gross revenues**. An injunction requiring the escrow of all gross receipts is unrelated to any relief sought in this case and therefore contrary to established law. Further, there is no evidence MSCHF would be unable to pay after judgement. Instead of fulfilling these well-established requirements for an escrow provision, the escrow requirement irreparably harms MSCHF by tying up assets not at risk in the litigation.

Lacking any legal support for its proposal that this Court force MSCHF to escrow its gross receipts, Vans cites to cases prohibiting parties from raising new claims. (See ECF 54 at 8-12). The cases cited by Vans are wholly unrelated to the procedural posture here. In *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070 (2d Cir. 2021), the Second Circuit held a teacher could not bring a new claim for the first time on appeal. *Id.* at 1078. Similarly, in *Torcivia v. Suffolk Cnty., New York*, 17 F.4th 342 (2d Cir. 2021), the Second Circuit prohibited a detainee from arguing for the first time on appeal that his false imprisonment claim was not barred by qualified immunity. *Id.* at 367. Neither case is relevant here.

Here, Vans' never briefed its unprecedented proposal and still cannot find any legal support for its recommendation. Meanwhile, MSCHF has consistently opposed the preliminary injunction. This motion represents MSCHF's ***first opportunity*** to respond to the Order, and its adoption of an unprecedented requirement that MSCHF escrow funds unrelated to what Vans' may recover.

Because the escrow required here is unprecedented and does not meet the prerequisites for a more limited escrow order, MSCHF has a strong likelihood of success on appeal. MSCHF is harmed by losing access to its funds, while neither Vans nor the general public are harmed by

7

a stay because there is no evidence – or reason to believe – MSCHF is unable to pay damages if it ultimately does not prevail. Thus, the escrow requirement should be stayed in full.

### III. This Court Should Require a Bond.

The injunction economically harms MSCHF and the absence of a bond contradicts established precedent. Should this Court's decision be reversed on appeal, or later in proceedings before this Court, MSCHF will be entitled to compensation from Vans to reimburse MSCHF for that harm. That harm includes: the economic harm to MSCHF by preventing it from selling additional *Wavy Baby* works; the economic harm to MSCHF by its loss of access to the revenues derived from its sales of *Wavy Baby*; the reputational harm to MSCHF by its inability to display its art; and the attorney's fees[4] incurred through the appeal and further proceedings in this Court.

*Clarkson Co. v. Shaheen¸* 544 F.2d 624 (2d Cir. 1976) is easily distinguishable from the present situation because in *Clarkson*, the Court found that there was "little likelihood of harm to the enjoined parties." *Id.* at 632. *Veeco* actually demonstrates that this Court should have ordered a bond. *See Veeco Instruments, Inc. v. SGL Carbon, LLC*, No. 17-CV-2217 (PKC), 2017 WL 8676438 (E.D.N.Y. Dec. 26, 2017). In *Veeco*, Judge Chen corrected the failure to order a bond, an issue raised on the motion to stay a preliminary injunction order pending appeal, by ordering a hearing on the bond amount. *Id.* at *8. At the hearing, and based on lost profits from enjoined sales, the court ordered a $7.5 million bond. *Id.* Similarly, Vans' contentions that MSCHF's economic harm is "speculative" are irrelevant. "Damages are not rendered uncertain because they cannot be calculated with absolute exactness." *Gerard v. Almouli*, 746 F.2d 936,

---

[4] Attorney's fees are permissible as part of the bond requirement. *Adsani v. Miller*, 139 F.3d 67, 74 (2d Cir. 1998).

940 (2d Cir. 1984) (*quoting Eastman Kodak Co. v. Southern Photo Materials Co*., 273 U.S. 359, 379 (1927)).

The bond becomes even more important if this stay is not granted because MSCHF's inability to display its art at galleries causes harm to the art collective, as does the prohibition on MSCHF from identifying itself as the creator of *Wavy Baby*. The harm is exacerbated if the Court declines to lift or at least modify the escrow requirement. As a result, this factor weighs in MSCHF's favor for reversing the escrow requirement and implementing a bond.

## **CONCLUSION**

For the foregoing reasons, MSCHF respectfully requests that the Court stay the provision of its April 29, 2022 Order that prohibits MSCHF's from displaying *Wavy Baby* pending MSCHF's appeal. MSCHF also requests that the Court rescind the escrow portion of the Order and require Vans to post security pursuant to Rule 65(c).

Dated: June 17, 2022

Respectfully Submitted,

*/s/ Nicole E. O'Toole*
SWANSON, MARTIN & BELL, LLP
William D. Patterson (*pro hac vice*)
Nicole E. O'Toole (*pro hac vice*)
330 N. Wabash, Suite 3300
Chicago, IL 60611
(312) 321-8445
wpatterson@smbtrials.com
notoole@smbtrials.com

MSCHF PRODUCT STUDIO, INC.
John Belcaster (*pro hac vice*)
62 Bayard Street
Brooklyn, NY 11222
john@mschf.xyz

DEBEVOISE & PLIMPTON LLP
David H. Bernstein

Megan K. Bannigan
Marissa MacAneney
Timothy Cuffman
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6696
Fax: (212) 521-7696
dhbernstein@debevoise.com
mkbannigan@debevoise.com
mpmacaneney@debevoise.com
tcuffman@debevoise.com

*Counsel for Defendant MSCHF Product Studio, Inc.*