UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VANS, INC. and VF OUTDOOR, LLC,

        Plaintiffs,

        v.

MSCHF PRODUCT STUDIO, INC.,

        Defendant.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**
22-CV-2156 (WFK) (RML)

**WILLIAM F. KUNTZ, II, United States District Judge:**
Before the Court are two motions in the above-captioned action. First, Vans, Inc. and VF Outdoor, LLC (collectively, "Plaintiffs" or "Vans") seeks an order finding Defendant MSCHF Product Studio, Inc. ("Defendant" or "MSCHF") in contempt of the April 29, 2022 Decision & Order granting Vans' motion for a temporary restraining order and preliminary injunction, pursuant to Fed. R. Civ. P. 70(e), Local Civil Rule 83.6, and the inherent authority of the Court. Second, Defendant moves for a partial stay of the preliminary injunction pending appeal, and for modification of the preliminary injunction order to rescind or amend its escrow requirement and for Plaintiffs to post security. For the following reasons, the Court DENIES both motions in their entirety.

## PROCEDURAL HISTORY

This action arises from Defendant's production and sale of its "Wavy Baby" shoes, which Plaintiffs assert violate their intellectual property rights by incorporating Plaintiffs' trademarks and trade dress. *See* Compl. ¶ 7, ECF No. 1. On April 15, 2022, Plaintiffs moved to enjoin Defendant's distribution of the shoes. On April 27, 2022, the Court held a hearing on the motion, and on April 29, 2022, the Court granted Plaintiffs' motion for injunctive relief. *See* Order, ECF No. 40. The Order contained the following specific directives:

(1) During the pendency of this action, Defendant and its officers, agents, employees, attorneys, and all other persons who are in active concert or participation with Defendant are prohibited from fulfilling orders for the "Wavy Baby" shoes and/or colorable imitations or reconstructions thereof (the "Prohibited Shoes");

(2) during the pendency of this action, Defendant, and any companies owned or controlled by Defendant, and its/their officers, agents, representatives, privies,

1

    principals, directors, shareholders, managing agents, owners, licensees, distributors, servants, attorneys, employees, affiliates, subsidiaries, parents, successors, and assigns, and all other persons who are in active concert or participation with any of them are prohibited from advertising, marketing, promoting, offering to sell, selling, distributing and/or taking orders for the Prohibited Shoes;

(3) Defendant shall reverse and/or cancel any orders for the Prohibited Shoes that have been placed as of the time of this Order;

(4) for any order that cannot be reversed and/or cancelled, Defendant must escrow any funds received from all orders taken to date for the Prohibited Shoes so that, if Vans prevails in this action, Defendant may return those funds to customers who ordered Defendant's Prohibited Shoes under the mistaken belief that Vans was the source of the shoes or otherwise approved or sponsored the shoes; and

(5) Defendant must file with the Court within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

Order at 17–18.  On May 2, 2022, Defendant appealed the April 29, 2022 Order to the United States Court of Appeals for the Second Circuit.  *See* Notice of Appeal, ECF No. 41.  On May 12, 2022, Plaintiffs filed a request seeking to hold Defendant in contempt for failing to comply with the April 29, 2022 Order.  *See* Pls. Mot. at 1, ECF No. 42.

On May 20, 2022, Defendant requested a partial stay of the Order as well as modification of the Order to require Plaintiffs to post a bond and to rescind the Defendant's escrow requirement.  Def. Mot. at 1, ECF No. 46; Def. Mem., ECF No. 47.

## DISCUSSION

### I.    Plaintiffs' Motion for Contempt

#### A.  Background

The following facts, which Plaintiffs accept at face value for purposes of this motion, are taken from Defendant's submissions and are treated as true for purposes of the pending motion. *See* Pls. Reply at 2, n. 2, ECF No. 49.

As of the time the Order issued, 1,912 pairs of the Wavy Baby shoes had not yet shipped from China, though they had previously been scheduled to ship from the manufacturer directly to customers by April 20, 2022. *See* Declaration of James Kernan ("Kernan Decl.") ¶¶ 8, 12, ECF No. 45.

On April 26, 2022, prior to the issuance of the Preliminary Injunction Order, James Kernan, a MSCHF employee and the owner of Defendant's United States-based shipping vendor, LW12, asked Mr. Hanjia, the owner of the manufacturing company, whether it was possible to cancel the shipment of the remaining 1,912 pairs of shoes. *Id*. ¶ 13. Mr. Hanjia informed Mr. Kernan the shoes had been handed off to a third party for shipping via DHL, and that stopping the shipments would be "impossible." *Id*. Also that same day, Defendant submitted a declaration from its Chief Executive Officer, Gabriel Whaley, who claimed the shoes had left the factory and the shipments could not be canceled. Second Supplemental Declaration of Gabriel Whaley ("Whaley Decl.") ¶ 6, ECF No. 34-1.

Following the issuance of the Order on April 29, 2022, MSCHF General Counsel, John Belcaster, sent a copy of the Order and compliance directives to several members of the company's management team, including Mr. Kernan. Declaration of John F. Belcaster ("Belcaster Decl.") ¶ 12, ECF No. 51. Mr. Kernan emailed Mr. Hanjia, an employee at LW12 named Isa Zinser, and two other Chinese independent contractors, to stop the fulfillment of orders for the Wavy Baby shoes, writing: "Because of legal reasons I need you to cease all development and other work related to the Wavy Baby sneakers. Put everything on hold. Do not develop, produce, or distribute any thing related to Wavy Baby." *Id*. ¶ 17; Exs. 3, 7. On May 3, 2022, Mr. Kernan was informed by Mr. Zinser that it might be possible for DHL to reroute the shipments to LW12's New York warehouse. *Id*. ¶ 19. On May 4, 2022, a MSCHF employee,

Jacob Krowicki, learned from DHL that orders might be able to be rerouted, but rerouting could not begin until the units were scanned for placement onto the transport plane from China to the United States, which was scheduled to occur on May 9, 2022. *Id*. ¶¶ 21–23. The shipments did not depart on May 9, 2022, but instead were flown to the United States on May 11, 2022. *Id*. ¶¶ 26–28. From May 11, 2022 to May 20, 2022, MSCHF employees sought to track and redirect the shipments through direct and indirect contact with its shipping vendors, entirely without success. *Id*. ¶¶ 29–35.

As of May 26, 2022, 1,802 of the originally unshipped 1,912 pairs of the Wavy Baby shoes were delivered to purchasers, 6 were still in transit, and 8 were in "an exception state" and not delivered. Belcaster Decl. ¶ 12. The parties' submissions do not explain what has happened to the remaining 96 pairs of shoes.

### B. Analysis

"[T]he power to punish for contempt is inherent in all courts." *MAS Wholesale Holdings LLC v. NW Rosedale Inc.*, No. 19-CV-1294 (PKC) (VMS), 2021 WL 1946380, at *5 (E.D.N.Y. May 14, 2021) (Chen, J.) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). "A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)).

"An order is 'clear and unambiguous' when it leaves 'no uncertainty in the minds of those to whom it is addressed,' who 'must be able to ascertain from the four corners of the order

4

precisely what acts are forbidden.'" *Nike, Inc. v. Wu*, No. 13-CV-8012 (CM), 2020 WL 257475, at *16 (S.D.N.Y. Jan. 17, 2020) (McMahon, C.J.) (quoting *Hess v. N.J. Transit Rail Operations, Inc.*, 846 F.2d 114, 116 (2d Cir. 1988) and *Drywall Tapers, Local 1974 v. Local 530, Operative Plasterers Int'l Ass'n*, 889 F.2d 389, 395 (2d Cir. 1989)) (internal citations omitted), *aff'd sub nom. Next Invs., LLC v. Bank of China*, 12 F.4th 119 (2d Cir. 2021).

A violation does not need to have been willful for a party to be held in contempt. *Paramedics Electromedicina Comercial, Ltda.*, 369 F.3d at 655. However, "[i]n evaluating the purported contemnor's conduct, the court is not empowered to command, any more than it can pretend for itself to achieve, performance approximating perfection." *Zino Davidoff SA v. CVS Corp.*, No. 06-CV-15332-RJS, 2008 WL 1775410, at *5 (S.D.N.Y. Apr. 17, 2008) (Sullivan, J.) (quotation marks and alterations omitted). The Second Circuit has noted "'substantial compliance' is the appropriate standard in evaluating noncompliance in a contempt case." *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 99-CV-10175 (KMW), 2021 WL 3418475, at *5 (S.D.N.Y. Aug. 5, 2021) (Wood, J.) (citation and quotation marks omitted); *see also Juan F. By & Through Lynch v. Weicker*, 37 F.3d 874, 879 (2d Cir. 1994).

The parties do not dispute that the Order of the Court in this case is "clear and unambiguous." Rather, Plaintiffs assert Defendant has failed to abide by the provisions of the Order by continuing to ship the shoes to purchasers. *See* Pls. Mot at 1–2. Plaintiffs specifically point to three instances of which they are aware where customers who ordered the shoes received shipment notifications that their orders had been picked up by a shipping carrier from a warehouse facility approximately two weeks after the issuance of the Order. *Id*. Defendant responds it made diligent, substantial efforts to comply with the Order and to reroute shipments of the Wavy Baby shoes, and argues its failure to halt the shipments despite its efforts does not

5

support a finding of contempt. Def. Opp. at 2–4, ECF No. 44. Specifically, Defendant describes its actions in reaching out to its manufacturing liaison in China and its logistics vendor in the United States to cancel or reroute the orders. Def. Opp. at 2–3.

Defendant does not appear to have asked for the location of the "third-party holding area" where the unshipped shoes were held at the time the Order went into effect, nor whether the shoes could be retained at that location. The Court also has doubts regarding the "impossibility" of halting the shipping process, especially considering the length of time the shoes were located at the holding area. However, the proof of noncompliance in this case is not "clear and convincing." *Paramedics Electromedicina Comercial, Ltda.*, 369 F.3d at 655. Defendant made reasonably persistent efforts to prevent the shoes from reaching the purchasers, attempted to halt the shipments, and sought to reroute the packages instead of having the shoes held at the warehouse.

Furthermore, "[a] court may not impose punishment 'in a civil contempt proceeding when it is clearly established that the alleged contemnor is unable to comply with the terms of the order.'" *Turner v. Rogers*, 564 U.S. 431, 442 (2011) (quoting *Hicks v. Feiock*, 485 U.S. 624, 638, n. 9 (1988)); *see also Espiritu Santo Holdings, LP v. L1bero Partners, LP*, No. 19-CV-3930 (CM), 2020 WL 5259469, at *4 (S.D.N.Y. Sept. 2, 2020) (McMahon, J.). In the present case, Defendant's employees were informed even prior to the entry of the injunction that stopping the shipments of the shoes would not be possible. Nonetheless, Defendant continued to contact its shipping partners to reroute the packages. Although Defendant's endeavors failed to prevent the delivery of the Wavy Baby shoes, on the record before the Court Defendant's actions do not warrant a finding of civil contempt. Plaintiffs' motion is therefore denied.

**II.     Defendant's Motion for Partial Stay of the Preliminary Injunction Pending Appeal**

"A district court possesses the power to stay its own order during the pendency of an appeal of that order." *In re A2P SMS Antitrust Litig.*, No. 12-CV-2656, 2014 WL 4247744, at *1 (S.D.N.Y. Aug. 27, 2014) (Nathan, J.). However, the issuance of a stay "is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Virginian R. Co.*, 272 U.S. 658, 672–73 (1926)). Rather, a stay is "'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Id*. In deciding whether to issue a stay pending appeal, the Court is guided by the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether [the applicant] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding . . . ; and (4) where the public interest lies." *Id*. (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also New York v. Trump*, 490 F. Supp. 3d 736, 741 (S.D.N.Y. 2020) (Wesley, J., Hall, J., Furman, J.) (per curiam). The party seeking a stay "bears the heavy burden of demonstrating that a stay is warranted." *U.S. Commodity Futures Trading Comm'n v. eFloorTrade, LLC*, No. 16-CV-7544 (PGG), 2020 WL 2216660, at *2 (S.D.N.Y. May 7, 2020) (Gardephe, J.). "The factors governing the issuance of a stay pending appeal mirror the factors governing the issuance of a preliminary injunction." *Veeco Instruments Inc. v. SGL Carbon, LLC*, No. 17-CV-2217 (PKC), 2017 WL 8676438, at *1 (E.D.N.Y. Dec. 26, 2017) (Chen, J.).

Defendant has failed to carry the "heavy burden" to demonstrate a stay is warranted here. First, as discussed in the April 29, 2022 Order, Defendant is not likely to succeed on the merits of its First Amendment arguments. Indeed, Defendant's present arguments do not disturb the Court's prior conclusion that the Wavy Baby shoes are not parodic expressions protected by the First Amendment and therefore Defendant is unlikely to succeed on the merits of its First

7

Amendment arguments.  As discussed in the Order, the Wavy Baby shoes convey their similarity and reference to Vans' trademarks, but do not sufficiently articulate an element of satire, ridicule, joking, or amusement clearly indicating to the ordinary observer that Defendant is not connected in any way with the owner of the marks.  Defendant therefore fails to meet the requirement for protected parodic expression under the First Amendment.  *See* Order at 11–14.

Defendant now argues the "serious questions going to the merits" of the dispute in this case weigh in favor of a stay of the preliminary injunction pending appeal, but does not demonstrate the balance of hardships tips *decidedly* in its favor, citing to the standard set forth in *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund, Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).  However, the Court has already determined the balance of the equities decidedly weighs in Plaintiffs' favor.  *See* Order at 16.  The consumer confusion resulting from the likely trademark infringement present here threatens loss of sales, reputation, and goodwill, losses which are not "precisely quantifiable" or "precisely compensable" with money damages.  *See Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Assoc., Inc.*, No. 10-CV-3314, 2015 U.S. Dist. LEXIS 84172, at *32 (S.D.N.Y. 2015) (Sweet, J.) (citing cases) and *NYP Holdings v. N.Y. Post Publ'g Inc.*, 63 F. Supp. 3d 328, 341 (S.D.N.Y. 2014) (Marrero, J.).  Nothing in Defendant's submissions alters the Court's conclusion.

Second, Defendant has not demonstrated it is likely to be irreparably harmed by the continued injunction.  In support of its argument it will suffer irreparable harm, Defendant claims the preliminary injunction is itself an unlawful "prior restraint" on its First Amendment rights, citing to *Alexander v. United States*, 509 U.S. 544, 550 (1993), *Org. for a Better Austin v. Keefe*, 402 U.S. 415 (1971), and *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l*

*Union*, 239 F.3d 172, 178 (2d Cir. 2001).[1] However, *Alexander* is inapposite because it was a criminal case in which the Supreme Court held a court order requiring criminal forfeiture of defendant's assets used in an adult entertainment business following a racketeering conviction was not a prior restraint. *Org. for a Better Austin v. Keefe* is similarly distinguishable. That case involved an order enjoining the distribution "of any kind" of leaflets, an activity the Court "has often recognized" is a form of communication protected by the First Amendment. 402 U.S. at 418. The Wavy Baby shoes, commercial products that are the vehicle for the purported expression here, are not similarly "often recognized" as conventionally protected by the First Amendment. Finally, in *Metro. Opera Ass'n, Inc.*, the Second Circuit vacated a preliminary injunction order as impermissibly vague without "ultimately determin[ing]" the First Amendment issues, where the order "broadly prohibit[ed] the [respondent] from making any statement that might, after it ha[d] been made, be construed as defamatory or even 'harassing.'" 239 F.3d at 176. No such broad prohibition is present here.

Moreover, the general proposition that an injunctive order *may* be a prior restraint does not support the conclusion that *any* order that enjoins asserted expression is a prior restraint. Even assuming the purported message of the Wavy Baby shoes could be protected expression, "[a]pplicability of the First Amendment to an injunction generally depends upon whether any restriction on speech it contains is 'content-based' or 'content-neutral.'" *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 420–21 (E.D.N.Y. 2007) (Weinstein, J.) (quoting *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 450 (2d Cir.2001)), *judgment entered sub nom. In re Zyprexa Litig.*, No. 07-CV-0504, 2007 WL 669797 (E.D.N.Y. Mar. 1, 2007), *aff'd sub nom. Eli*

---

[1] The quote Defendant asserts is taken from *Alexander v. United States* ("[A] judicial order directing an individual not to engage in expression, on pain of contempt" is "a prior restraint[.]") is not present in the decision it has cited. Defendant has subsequently acknowledged this "summation of the law" is instead derived from 2 Smolla & Nimmer on Freedom of Speech § 15:1.

*Lilly & Co. v. Gottstein*, 617 F.3d 186 (2d Cir. 2010). The "Second Circuit has defined as content-neutral those regulations that do 'not depend on the nature or content of the idea that [a person] wishes to express but only on the materials that would be the medium of expression.'" *Id*. (quoting *Vincenty v. Bloomberg*, 476 F.3d 74, 84 (2d Cir. 2007)). Moreover, the Second Circuit has specifically held "[t]he prohibition of the Lanham Act is content neutral, and therefore does not arouse the fears that trigger the application of constitutional 'prior restraint' principles." *Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200, 206 (2d Cir. 1979) (internal citation omitted). "Content neutral injunctions must 'burden no more speech than necessary to serve a significant government interest,' but they are not required to 'employ the least restrictive means of accomplishing the governmental objective.'" *In re Zyprexa Injunction*, 474 F. Supp. at 420 (quoting *Madsen v. Women's Health Center, Inc.*, 512 U.S. 753, 765 (1994) and *Universal City Studios, Inc. v. Corley*, 273 F.3d at 455).

The April 29, 2022 Order was issued to protect the Plaintiffs from the irreparably harm likely to result from the violation of its trademark and to promote the public's interest in being free from "confusion, deception, and mistake." Order at 17. As in like cases involving intellectual property, "[t]his is not a case of government censorship, but a private plaintiff's attempt to protect its property rights." *Dallas Cowboys Cheerleaders, Inc.*, 604 F.2d at 206. "The mere fact that [one] claims an expressive . . . purpose . . . does not give [one] a right, under the First Amendment to the United States Constitution, to appropriate to [oneself] the harvest of those who have sown." *In re Zyprexa Injunction*, 474 F. Supp. 2d at 421 (quoting *San Francisco Arts & Ath., Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 526 (1987)) (internal quotations marks omitted) (alterations in original).

Third, Defendant argues Plaintiffs will not suffer substantial injury from Defendant's display and promotion of the Wavy Baby shoes but rather that Defendant is harmed absent the requested stay because "the record of MSCHF's art is incomplete," and the "omission will inhibit the evaluation of MSCHF as an art collective and alter the perception of MSCHF's breadth of creativity." Def. Reply at 3, ECF No. 57. However, the Court has already found Plaintiffs demonstrated a likelihood they will suffer irreparable harm from the promotion of the shoes in the form of, *inter alia*, harm to their reputation, consumer recognition, and goodwill, cultivated by Plaintiffs over the course of forty-five years and through millions of dollars in marketing. *See* Order at 14. Such harm would undoubtedly be substantial. The harm asserted by Defendant is minimal in comparison, especially where, as Defendant has stated, the Wavy Baby shoes are "already famous by virtue of their appearance in the *Freaky Deaky* video, and images of Wavy Baby have proliferated on the Internet in part because of the publicity surrounding this lawsuit." Def. Mem. at 9.

Finally, Defendant argues the display and promotion of the Wavy Baby shoes insofar as those efforts state the shoes are "not for sale" will, in fact, dispel confusion as to the source of the shoes because their origin will be attributed to MSCHF, and therefore serves the public interest. This argument misconstrues the nature of the consumer confusion involved in this action. As the Court previously stated, Plaintiffs have demonstrated that "[c]onsumers have misunderstood the source of the Wavy Baby shoes as a *collaboration* between Plaintiffs and Defendant." *See* Order at 8 (emphasis added). Defendant now claims further promotion will clear that confusion; an assertion the Court finds unpersuasive. Moreover, the Court concluded, and continues to hold, that Plaintiffs have demonstrated a likelihood of irreparable harm from the promotion and distribution of the Wavy Baby shoes, and that the public interest weighs in favor

11

of preliminary injunctive relief in this action. The Court therefore denies Defendant's motion for a partial stay of the preliminary injunction pending appeal.

## III. Defendant's Request to Modify the Preliminary Injunction Order to Rescind the Escrow Requirement and Require Plaintiffs to Post Security

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Federal Rule of Civil Procedure 62 provides that "[w]hile an appeal is pending from an interlocutory order . . . that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). The Second Circuit has held in that Rule 62 should be "narrowly interpreted to allow district courts to grant only such relief as may be necessary to preserve the status quo" as of the time of the appeal. *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. E. Air Lines, Inc.*, 847 F.2d 1014, 1018 (2d Cir. 1988); *see also New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 215 (2d Cir. 2020).

Defendant has failed to demonstrate that an order rescinding the requirement for it to escrow its revenue from the Wavy Baby shoes and directing Plaintiffs to post security is necessary to preserve the status quo pending appeal. Absent this showing, the Court will not modify its previous Order. *See Broker Genius Inc. v. Seat Scouts LLC*, No. 17-CV-8627 (SHS), 2019 WL 452050 at *3–4 (S.D.N.Y. Feb. 5, 2019) (Stein, J.) (refusing to rescind the amount of bond where movant failed to show such reduction is necessary to preserve the status quo), *appeal denied*, 756 Fed. Appx. 81 (2d Cir. 2019) (summary order). Defendant's requests are thus denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion at ECF No. 42, for an order finding Defendant in contempt of the April 29, 2022 Order is DENIED. Defendant's requests for a stay of the preliminary injunction pending appeal, rescission of the escrow requirement, and modification of the preliminary injunction to require Plaintiffs to post security are DENIED. The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 42 and 46.

SO ORDERED.

**s/ WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 14, 2022
Brooklyn, New York