UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VANS, INC. and VF OUTDOOR, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>MSCHF PRODUCT STUDIO, INC.,<br><br>    Defendant. | Case No. 1:22-cv-02156-WFK-RML<br><br>JURY TRIAL DEMANDED<br><br>Date of Service: October 14, 2022 |

## JOINT SCHEDULING REPORT

DEBEVOISE & PLIMPTON LLP
David H. Bernstein
Megan K. Bannigan
Marissa MacAneney
Timothy Cuffman
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6696
Fax: (212) 521-7696
dhbernstein@debevoise.com
mkbannigan@debevoise.com
mpmacaneney@debevoise.com
tcuffman@debevoise.com

SWANSON, MARTIN & BELL, LLP
William D. Patterson (*pro hac vice*)
Nicole E. O'Toole (*pro hac vice*)
330 N. Wabash, Suite 3300
Chicago, IL 60611
(312) 321-8445
wpatterson@smbtrials.com
notoole@smbtrials.com

MSCHF PRODUCT STUDIO, INC.
John Belcaster (*pro hac vice*)
62 Bayard Street
Brooklyn, NY 11222
john@mschf.xyz

*Counsel for Defendant
MSCHF Product Studio, Inc.*

McGUIREWOODS LLP
Philip A. Goldstein
Michael L. Simes
1251 Avenue of the Americas, 20th Floor
New York, NY 10020
Tel: (212) 548-2100
Fax: (212) 548-2150
pagoldstein@mcguirewoods.com
msimes@mcguirewoods.com

Tanya L. Greene (*pro hac vice*)
Wells Fargo Center, South Tower
355 S. Grand Ave., Suite 4200
Los Angeles, CA 90071
Tel: (213) 457-9879
Fax: (213) 547-9899
tgreene@mcguirewoods.com

Lucy J. Wheatley (*pro hac vice*)
Matthew G. Rosendahl (*pending pro hac*)
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 698-2016
lwheatley@mcguirewoods.com
mrosendahl@mcguirewoods.com

Matthew W. Cornelia (*pro hac vice*)
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
Tel: (214) 932-6400

Fax: (214) 932-6499
mcornelia@mcguirewoods.com

*Counsel for Plaintiffs*
*Vans, Inc. and VF Outdoor, LLC*

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Court's Local Rules, and the Order Setting Scheduling Conference (Dkt. 60) (the "Order"), counsel for plaintiffs Vans, Inc. and VF Outdoor, LLC and defendant MSCHF Product Studio, Inc. participated in a telephonic conference on October 3, 2022, and hereby submit this Joint Report.

## I. RULE 26(f) DISCOVERY PLAN

Pursuant to the Court's Order (Dkt. 60) and Rule 26(f)(3) of the Federal Rules of Civil Procedure, the parties submit the following discovery plan.

### a. Proposed Changes to Rule 26(a) Disclosures

The parties agree that no changes are required with respect to the timing, form, or requirement for disclosures under Rule 26(a). Consistent with the Court's Order (Dkt. 60), the parties will exchange initial disclosures on or before October 14, 2022.

### b. Scope and Subjects of Discovery

The parties propose the following with respect to discovery.

#### i. Plaintiffs' Subjects On Which Discovery May Be Needed

Without prejudice to their right to seek discovery on any relevant issues, Plaintiffs currently anticipate that they will need discovery concerning:

- The conception, design, manufacturing, importing, distribution, advertising, promotion, and sale of MSCHF's infringing shoes;

- MSCHF's knowledge and use of Vans' asserted trademarks and trade dress rights;

- MSCHF's processes for screening the marketplace and avoiding potential infringement (or the lack thereof);

- Channels of trade and consumers for MSCHF's shoes;

- MSCHF's marketing of the infringing shoes;

- Consumer recognition of Vans' asserted trademarks and trade dress rights;

- Evidence of actual confusion;

- The likelihood of confusion caused by MSCHF's use of confusingly similar versions of Vans' trademarks and trade dress rights;

- MSCHF's intent in selecting and selling their infringing shoe design;

- Vans' damages, including information about MSCHF's sales, costs, and profits relating to its infringing shoes;

- Evidence refuting MSCHF's claims and defenses;

- MSCHF's social media and other online activities, including as relates to its "MSCHF" and "MSCHF Sneakers" lines of business;

- The relationship between MSCHF and Michael Stevenson (aka "Tyga") and their respective roles and responsibilities as it relates to the infringing shoes;

- The relationship between MSCHF and third-party individuals and entities involved in the conception, design, manufacturing, importing, distribution, advertising, promotion, and sale of MSCHF's infringing shoes;

- MSCHF's business structure, including its employees, owners, and funders;

- MSCHF's efforts and invitations to participate in art exhibitions or otherwise provide products or artistic works to museums, art galleries, or other art facilities; and

- Additional discovery that may be necessary as the parties' arguments and facts are developed.

### ii. Defendant's Subjects On Which Discovery May Be Needed

- The conception, design, advertising, promotion and sale of Vans' Old Skool skate shoes;

- Vans' market studies and analysis of consumer perception of the Vans' Old Skool skate shoes;

- Channels of trade and target consumers for Vans' Old Skool skate shoes;

- Pricing information and market analyses for the Vans' Old Skool skate shoes;

- Vans' knowledge of sneaker collectors, including studies, analysis, and advertising efforts to reach sneakerheads;

- The relationship between Vans and influencers and other social media personalities in the sneaker collection market;

- Vans' marketing efforts including its efforts to cultivate relationships with sneakerheads and other influencers in the sneaker market;

- Efforts to create a market for customized or collaborative versions of the Vans' Old Skool skate shoes;

- All materials related to Vans' efforts to establish trade dress rights in the Vans Old Skool skate shoes;

- Evidence of all efforts to protect Vans' trade dress or trademark rights in the Vans Old Skool skate shoes;

- Evidence of consumer confusion between Vans' skate shoes and other commercially available skate shoes;

- Evidence and lack thereof of consumer confusion between the Vans' Old Skool skate shoe and the Wavy Baby artwork;

- Any evidence of lost sales by Vans due to the sale or promotion of the MSCHF Wavy Baby artwork;

- Evidence regarding Vans' claims that it embodies Southern California culture;

- Evidence of total world-wide sales of the Vans' Old Skool skate shoes;

- Vans' damages including all evidence of lost sales, profit margin, and market share;

- All evidence refuting Vans' claims.

    **iii.    Additional discovery that may be necessary as arguments and facts are developed. Discovery Deadlines**

The parties agree to the following discovery deadlines:

- <u>Supplementation</u> – Supplements under Rule 26(e) of the Federal Rules of Civil Procedure shall be made within a reasonable time after material, relevant facts are learned or by Court Order.

The parties disagree as to the appropriateness of setting a discovery deadline at this time.

<u>Vans' Position</u>:

All fact discovery shall be completed by the parties on or before May 26, 2023.

<u>MSCHF's Position</u>:

MSCHF is a Brooklyn-based art collective that created a piece known as the *Wavy Baby* which references the Vans Old Skool skate shoe. This case thus creates a conflict between MSCHF's First Amendment rights and Vans' claims of rights under the Lanham Act. The Second

Circuit Court of Appeal granted MSCHF's motion to appeal the preliminary injunction on an expedited basis. The appeal raises legal issues regarding how to properly balance those interests and the proper legal test that should be applied to this case. The appeal has been fully briefed and oral arguments were heard on September 28, 2022. The parties expect a ruling soon.

Any decision from the Second Circuit will inform how the parties proceed on this case both regarding the possibility of quick resolution and the scope of discovery. A ruling is anticipated in short order, and it is inefficient to propound discovery prior to clarification on the applicable law. Therefore, MSCHF respectfully requests that this Court stay discovery until the Second Circuit issues its ruling and set a status conference four to six weeks from this conference.

### iv.     Limitations On Discovery

The parties agree that discovery should not be conducted in phases or limited to or focused upon particular issues. The parties do not believe that any changes to the standard discovery rules are necessary. The parties agree that no modification of the discovery limitations set forth in Federal Rules of Civil Procedure or the Local Rules are necessary at this time. However, the parties reserve their right to request the Court to modify the limitations imposed by Rule 26 of the Federal Rules of Civil Procedure and the Court's Local Rules.

### c.     Preservation and Production of Electronically Stored Information

The parties do not believe that there are any issues regarding disclosure, discovery, or the preservation of electronically stored information ("ESI").

The parties agree that ESI should be preserved and produced as follows:

- General Document Image Format – Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

- Production – Each production volume shall include an image load file in Opticon (OPT) format and a metadata load file in Concordance (DAT) format.

- Metadata – The parties will make reasonable efforts to ensure that any metadata fields automatically extracted from the documents are correct. However, the parties acknowledge that such metadata may not always be accurate and might instead contain irrelevant or incorrect information generated during the collection process. Subject to the foregoing, the parties will make reasonable efforts to provide the metadata fields listed in Appendix A if such metadata is reasonably accessible to the producing party, as applicable.

- Native Files - Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g., comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in their native file format or MS Excel. TIFF images need not be produced for files produced in native file format unless the files have been redacted, in which instance such files shall be produced in TIFF with OCR Text Files. A TIFF placeholder indicating that the document was provided in native format should accompany the database record. A party may make a reasonable request to receive any other document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

- No Backup Restoration Required - Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, transitory databases, and other forms of media, to comply with its discovery obligations in the present case.

### d. Procedures for Resolving Disputes Regarding Claims of Privilege

The parties agree to use the procedures set forth in Rule 26(b)(5) of the Federal Rules of Civil Procedure with respect to any claims of privilege or protecting materials asserted as being for trial-preparation purposes. The parties request that this proposed procedure be adopted in the Court's Discovery Order or in another Order of the Court.

### e. Changes in Discovery Limitations

The parties agree that no changes to the discovery limitations set forth in the Federal Rules of Civil Procedure are required.

**f.      Court Orders Under Federal Rules of Civil Procedure 16(b), 16(c), And 26(c)**

The parties respectfully request that the Court issue a scheduling order consistent with the dates set forth in Section II of this Joint Report.

**g.      Stipulations Regarding Discovery**

The parties agree and stipulate to the following additional procedures relating to discovery:

- Electronic Service – The parties agree to accept service of documents and discovery-related materials by e-mail or through the Court's CM/ECF system. Documents shall be deemed timely served by e-mail if such e-mail is sent by 11:59 p.m. Eastern Time on the date due.

- Production of Materials Obtained Via Third-Party Subpoena - A party who serves a subpoena in this matter on a third party shall immediately provide a copy to the other parties. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other parties within seven (7) days. Where reproduction of documents within seven (7) days is not possible, the party who received the documents will provide prompt notice to the other parties and will work in good faith to resolve the issue on a case-by-case basis. No party will take the deposition of a third party earlier than five (5) business days after providing the other parties with copies of any documents received from that third party in response to a subpoena, absent agreement of the parties.

- Expert Discovery - Oral and written communication between an expert witness for any party or parties, and the party or parties, or their attorneys or representatives employing such expert, which are made in connection with the expert's engagement for the case, are not discoverable, except to the extent that the expert relies upon them for his/her opinion. Drafts of a report of an expert witness for any party or parties that are prepared in connection with the expert's engagement for this action are not discoverable. All notes, memorandum and other writings of an expert witness that are prepared in connection with the expert witness's engagement for this case are not discoverable except to the extent that the expert relies on them and/or consults them while testifying at a deposition or at trial.

**II.     PROPOSED CASE SCHEDULE**

Vans respectfully requests that the Court enter a scheduling order consistent with the following dates.[1]

---

[1] The parties note that this proposed schedule includes additional time in early case deadlines (e.g., the deadlines to join additional parties, amend pleadings, and complete fact discovery). It is expected that the Court of Appeals for the Second Circuit will issue an opinion on MSCHF's Appeal of the Court's TRO (Dkt. 40) in October or November

| Date / Deadline | Event |
| --- | --- |
| October 17, 2022 | Exchange Rule 26(a)(1) Initial Disclosures |
| November 18, 2022 | Join Additional Parties |
| December 2, 2022 | Amended Pleadings |
| December 16, 2022 | Responses to Amended Pleadings |
| May 26, 2023 | Deadline to Complete Fact Discovery |
| June 9, 2023 | Exchange Privilege Logs |
| June 23, 2023 | Expert Witnesses Disclosures by the Party with the Burden of Proof |
| July 21, 2023 | Rebuttal Expert Witnesses Disclosures |
| August 18, 2023 | Deadline to Complete Expert Discovery |
| September 8, 2023 | Deadline for Dispositive Motions and Motions to Strike Testimony (Including *Daubert* Motions) |
| September 29, 2023 | Deadline for Responses to Dispositive Motions and Motions to Strike Testimony |
| October 6, 2023 | Deadline for Replies to Dispositive Motions and Motions to Strike Testimony |
| November 17, 2023 | Serve Pretrial Disclosures (Witness, List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| December 8, 2023 | Serve Objections to Pretrial Disclosures |
| December 8, 2023 | Serve Rebuttal Pretrial Disclosures |
| December 20, 2023 | Serve Objections to Rebuttal Pretrial Disclosures |
| January 12, 2023 | Deadline for Motions *in Limine* |
| February 16, 2024 | File Joint Proposed Pretrial Order, Joint Proposed Jury Instructions, and Joint Proposed Verdict Form |
| February 16, 2024 | Deadline for Responses to Motions *in Limine* |
| March 15, 2024 | Final Pretrial Conference |
| March 25, 2024 | Jury Selection and Trial |

---

of 2022. Because that opinion is likely to impact the scope of discovery and other issues in this case, the parties respectfully request that the Court adopt this proposed schedule, including the extensions of early case deadlines.

MSCHF respectfully requests that this Court refrain from entering a scheduling order until after the Second Circuit Court of Appeals issues its opinion. The crux of the appeal is a legal question concerning the proper test for balancing MSCHF's First Amendment rights and Vans' trademark rights. Therefore, any ruling will affect both the parties' analysis of the case, including resolution and the scope of discovery. MSCHF does not believe it makes sense for the parties to begin discovery when the scope and relevance of discovery is unknown. Therefore, MSCHF respectfully request that this Court stay discovery until the Second Circuit issues its ruling and set a status conference four to six weeks from this conference.

### III. MAGISTRATE JUDGE JURISDICTION

The parties respectfully decline to consent to the jurisdiction of a magistrate judge for purposes of dispositive motions and trial in this action.

### IV. SETTLEMENT EFFORTS

The parties engaged in pre-litigation negotiations and the Second Circuit's Court Ordered Mediation without successfully resolving the dispute. The parties mutually acknowledge that any ruling from the Second Circuit Court of Appeals may cause the parties to revisit their respective positions.

### V. TRIAL TIME ESTIMATE

The parties propose a trial with a length of five days.

### VI. ADDITIONAL PARTIES

The parties do not anticipate any additional parties being added to this action.

Dated: October 14, 2022                    Respectfully submitted,

**MCGUIREWOODS LLP**

 /s/ Matthew W. Cornelia
Tanya L. Greene (*pro hac vice*)
Wells Fargo Center, South Tower
355 S. Grand Ave., Suite 4200
Los Angeles, CA 90071
Tel: (213) 457-9879
Fax: (213) 547-9899
tgreene@mcguirewoods.com

Philip A. Goldstein
Michael L. Simes
1251 Avenue of the Americas, 20th Floor
New York, NY 10020
Tel: (212) 548-2100
Fax: (212) 548-2150
pagoldstein@mcguirewoods.com
msimes@mcguirewoods.com

Lucy J. Wheatley (*pro hac vice*)
Matthew G. Rosendahl (*pending pro hac*)
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 698-2016
lwheatley@mcguirewoods.com

Matthew W. Cornelia (*pro hac vice*)
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Tel: (214) (32-6400
Fax: (214) 932-6499
mcornelia@mcguirewoods.com

*Counsel for Plaintiffs*
*Vans, Inc. and VF Outdoor*

Dated: October 14, 2022                              Respectfully submitted,

                                                     /s/ William Patterson
                                                     SWANSON, MARTIN & BELL, LLP
                                                     William D. Patterson (*pro hac vice*)
                                                     Nicole E. O'Toole (*pro hac vice*)
                                                     330 N. Wabash, Suite 3300
                                                     Chicago, IL 60611
                                                     Telephone: (312) 321-9100
                                                     wpatterson@smbtrials.com
                                                     notoole@smbtrials.com

                                                     DEBEVOISE & PLIMPTON LLP
                                                     David H. Bernstein
                                                     Megan K. Bannigan
                                                     Marissa MacAneney
                                                     Timothy Cuffman
                                                     919 Third Avenue
                                                     New York, New York 10022
                                                     Telephone: (212) 909-6696
                                                     dhbernstein@debevoise.com
                                                     mkbannigan@debevoise.com
                                                     mpmacaneney@debevoise.com
                                                     tcuffman@debevoise.com

                                                     John Belcaster (*pro hac vice*)
                                                     MSCHF PRODUCT STUDIO, INC.
                                                     62 Bayard Street
                                                     Brooklyn, NY 11222
                                                     john@mschf.xyz

                                                     **Counsel for Defendant MSCHF Product Studio, Inc.**

# **Appendix A**

| FIELD | DESCRIPTION | SAMPLE DATA |
|---|---|---|
| **Bates Begin** | Bates number of the first page in the document. | ABC00000001 |
| **Bates End** | Bates number of the last page in the document. | ABC00000015 |
| **Family Begin** | Bates number of the first page in the document family. | ABC00000001 |
| **Family End** | Bates number of the last page in the document family. | ABC00000030 |
| **Page Count** | Number of pages produced. | 15 |
| **Custodian** | The name of the custodian of this document. | Doe, John |
| **All Custodians** | When documents have been globally deduplicated, the names of the other custodians who also possessed the document. | Smith, Mary; Jones, William; Brown, Jane |
| **From** | Author of the e-mail | Doe, John <jdoe@company.com> |
| **To** | Recipient(s) of the e-mail | Smith, Mary <msmith@company.com>; Jones, Williams <jwilliams@company.com> |
| **CC** | Copyees of the e-mail | Brown, Jane <jbrown@company.com> |
| **BCC** | Blind Copyees of the e-mail | Doe, John <jdoe@company.com> |
| **E-Mail Subject** | Subject of the e-mail message | RE: Our Project |
| **File Name** | Original file name of the document; may contain the subject of the e-mail for e-mails | RE Our Project.msg<br>MyAttachment.xlsx |
| **File Extension** | Original file extension of the document when it was collected | Msg |
| **Author** | Value of the author field in the native file | Doe, John |
| **Date Sent** | Date e-mail was sent | 12/31/2013 |
| **Time Sent** | Time e-mail was sent | 14:54:27 |
| **Date Received** | Date e-mail was received | 12/31/2013 |
| **Time Received** | Time e-mail was received | 14:54:29 |
| **Date Created** | Date document was created | 12/30/2013 |
| **Time Created** | Time document was created | 18:50:20 |
| **Date Modified** | Date document was last modified | 12/31/2013 |
| **Time Modified** | Time document was last modified | 09:30:15 |
| **Source Path** | Original path to the folder or directory where the document was stored. | Inbox\MyFolder<br>C:\Users\jdoe\My Documents |
| **MD5 Hash** | Unique identifier generated using the MD5 cryptographic hash function. | D564668821C34200FF3E32C9BFDCCC80 |

# **Appendix A**

| | | |
|---|---|---|
| **Confidentiality** | The confidentiality designation requested for this document. | Highly Confidential |
| **Text File** | Location of the text file, relative to the root of the volume. | TEXT\000001\ABC00000001.TXT |
| **Native File** | For documents produced natively, a link to the location of the native file, relativity to the root of the volume. | NATIVE\000001\ABC00000015.XLSX |